Darren M. Richie (SBN 316116)
darren@dre.law
**DRE, A.P.C.**
222 N. Canon Drive, Suite 201
Los Angeles, CA 90210
(213) 265-7888

*Attorney for Defendant Mark S. Ibrahim*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MARK S. IBRAHIM, <br><br> Defendant. | CASE NO. 1:21-cr-00496-TJK-1 <br><br> **DEFENDANT IBRAHIM'S REPLY TO THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE INDICTMENT** |

### MOTION TO DISMISS THE INDICTMENT

Defendant, Mark S. Ibrahim ("Mr. Ibrahim"), moved this Court for an order dismissing the Indictment in this matter pursuant to the Federal Rules of Criminal Procedure Rules 12(b)(3)(A)(iv) and 12(b)(3)(B)(iii). The Government opposes the Defendant's Motion to Dismiss the Indictment. Mr. Ibrahim hereby submits this reply brief to the Government's Response in Opposition to Defendant's Motion to Dismiss. The Government's Opposition relies on statements of facts and photographs, rather than

addressing the relevant legal arguments in favor of dismissal. In support of this Reply, Mr. Ibrahim offers the Court the following:

## ARGUMENT

**A.     Count 4 – 18 U.S.C. § 1001(a)(2)**

In the Opposition to Defendant's Motion to Dismiss, the Government alleges that Mr. Ibrahim's evidentiary challenge to Count Four—*i.e.*, his false statement charge under 18 U.S.C. § 1001(a)(2)—is unsupported. This is simply not the case.

In this case, the Court must accept that Mr. Ibrahim made his statement, qualifying it with "not that I know of." Applying the law to the facts at hand, Mr. Ibrahim's "not that I know of," indicates that his prior statement was made without complete knowledge and cannot be taken as true on its face. The truth of the facts alleged in the charging instrument demonstrate that Mr. Ibrahim did not have the requisite intent to lie to a federal agent and did not do so.

**B.     Count Two – 40 U.S.C. § 5104(d)**

The Government, in its opposition, submitted many photographs of Mr. Ibrahim on January 6, 2021. These photographs, however, do not disprove that Mr. Ibrahim was acting out of necessity when he jumped on the statute. Many of these pictures in the Government's opposition were taken out of context. In this case, photograph 31 in the United States' opposition does depict Mr. Ibrahim on the Peace Monument. However, there is nothing indicating that he was doing so for any

purpose other than for safety reasons.

C.     **Count One – 18 U.S.C. § 1752(a)(1) and (b)(1)(A)**

The Government provides many photographs of Mr. Ibrahim, with his back to the crowd, where his DEA badge and firearm are slightly visible. However, this does not disprove the fact that he was a federal agent the time the photographs were taken, and was permitted to carry his official credentials and firearm. According to Mr. Ibrahim's training at the academy, DEA are strongly encouraged to carry their firearms while off duty; Mr. Ibrahim was following his training guidelines received at the DEA Academy in Quantico.

Further, the Government spends much of its Opposition discussing Mr. Ibrahim's alleged misuse of his capacity or office. However, Mr. Ibrahim was not charged with such conduct and it is not relevant to the arguments presented here. It is not illegal to flash a government badge or gun. In fact, many other off-duty officers were carrying their badges and firearms on January 6, 2021. It is common practice for federal agents to take pictures displaying their badges and guns for personal use. There is no evidence that Mr. Ibrahim's pictures were taken for any other purpose than his own personal use.

D.     **Counts One, Two, Three, and Four**

In the Government's opposition, it is alleged that any purported selective prosecution claim fails. While it is acknowledged that the conscious exercise of some

selectivity in prosecution is not in itself a constitutional violation, selective prosecution based upon an unjustifiable standard is unconstitutional. *See Oyler v. Boles*, 368 U.S. 448, 457 (1962).

The photographs in the Government's opposition further support Mr. Ibrahim's position that the Government charged him more severely than other similarly situated January 6 protestors. In some cases, identically situated protesters, such as Mr. Ibrahim's brother *a Special Agent who is still currently a Special Agent with the FBI*, were not charged at all and are still actively employed by Department of Justice. The Border Patrol Officer at Justice for January 6th rally, discussed in Mr. Ibrahim's Motion for Dismissal, was carrying a gun; although this officer was arrested, the Department of Justice ultimately dropped all charges against him. As such, Mr. Ibrahim seeks dismissal of the Indictment, asserting selective enforcement or prosecution.

Figure 13 in the Government's opposition depicts Mr. Ibrahim with his brother, both standing near a roundabout, demonstrating that they were both located in the same area of the Capitol. Mr. Ibrahim's brother is a FBI Special Agent, had his firearm and badge with him, yet he was neither charged nor fired from the Department of Justice. It is immaterial that Mr. Ibrahim's brother was candid with law enforcement when questioned about his own conduct, as was Mr. Ibrahim. The fact that they were candid with law enforcement has no basis in negating a selective

prosecution claim. Moreover, it is immaterial whether Mr. Ibrahim was on or off duty on January 6, 2021, as he was officially induced and asked to be there by Jorge Calzadilla.

On January 5, 2021, Mr. Ibrahim, who had a pre-purchased ticket from Washington DC to California, had no intention of attending the January 6, 2021, rally. Mr. Ibrahim had a change of heart when he was asked to go by Mr. Jorge Calzadilla, a long standing FBI information source. Mr. Ibrahim continued to encourage Mr. Calzadilla to leave the January 6, 2021 rally, and actively trying to distract and dissuade Mr. Calzadilla from entering the Capitol Building. Mr. Calzadilla ignored Mr. Ibrahim's pleas to leave, but he would not listen. In the past, Mr. Calzadilla had assaulted Mr. Ibrahim, but Mr. Ibrahim wanted to help Mr. Calzadilla, a veteran, who was struggling with PTSD and had even allowed Mr. Calzaldila to live with him in the past. Therefore, no matter whether Mr. Ibrahim was on or off duty, Mr. Ibrahim was officially induced to be present at the rally at the request of Mr. Calzadilla and did not want to leave his veteran friend alone in a dangerous environment.

E.     **Counts One, Two, Three, and Four – Prosecutorial Misconduct**

In its discovery, the Government provided the Defense with the interview of Mr. Calzadilla by Special Agent Jason Higley. However, the Defense has been made aware by Mr. Calzadilla that Special Agent Higley and Mr. Calzadilla were both

involved in the Cliven Bundy standoff investigation in 2014. This information was never provided to the Defense. It is relevant and highly important evidence in the Defendant's case because Mr. Calzaldilla will likely be called as a witness by the Government in this matter. Therefore, this evidence should have been disclosed to the Defense in discovery and further goes to the prosecutorial misconduct in this case.

F.   **Counts One, Two, Three, and Four**

With respect to the Government's remaining arguments, Defendant relies on Defendant's Motion to Dismiss and memorandum of Law in Support of Motion to Dismiss.

## CONCLUSION AND RELIEF REQUESTED

WHEREFORE, Defendants respectfully move the Court to grant its Motion to Dismiss the United States' Indictment.

Dated: February 18, 2022               Respectfully Submitted

**DRE LAW, A.P.C.**


By:   */s/Darren M. Richie*
      Darren M. Richie
      *Attorney for Defendant*
      MARK S. IBRAHIM