Darren M. Richie (SBN 316116)
darren@dre.law
Marissa B. Hertzberg (SBN 340350)
marissa@dre.law
**DRE, A.P.C.**
222 N. Canon Drive, Suite 201
Los Angeles, CA 90210
(213) 265-7888

*Attorneys for Defendant Mark S. Ibrahim*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK S. IBRAHIM<br><br>Defendant. | Case No. 1:21-cr-00496-TJK-1<br><br>**DEFENDANT'S SUPPLEMENTAL MOTION TO DISMISS THE INDICTMENT**<br><br>Date: May 4, 2022<br>Time: 2:00 p.m.<br><br>Honorable Timothy J. Kelly |

### SUPPLEMENTAL MOTION TO DISMISS THE INDICTMENT

Defendant, Mark S. Ibrahim ("Mr. Ibrahim"), moves this Court pursuant to the

Federal Rules of Criminal Procedure Rules 12(b)(3) and 12(b)(3)(B)(ii), for an order

dismissing the Indictment in this matter.  In addition to the legal arguments included in

Defendant's Motion to Dismiss filed on January 28, 2022, Mr. Ibrahim asserts that the

Indictment should also be dismissed on the grounds that 1) Mr. Ibrahim is exempt from

federal prosecution pursuant to the Law Enforcement Officers Safety Act of 2004 and 18

U.S. Code Section 926(b) and 2) the charges within the Indictment are impermissibly multiplicitous.

## I. STATEMENT OF THE CASE

In previous filings, the Defendant has detailed Mr. Ibrahim's actions on January 6, 2021, as well as the Government's allegations against him. (*See* Dkt. No. 21 ("Motion to Dismiss") at 8-12.) The Defendant will not repeat these facts here and instead incorporates them herein by reference.

## II. LEGAL ARGUMENT

### A. The Motion to Dismiss Counts One and Three Should be Granted Where Defendant is Exempt from Federal Prosecution Pursuant to Law Enforcement Officers Safety Act of 2004 and 18 U.S. Code Section 926(b).

Mr. Ibrahim is exempt from federal prosecution for carrying his weapon pursuant to the Law Enforcement Officer Safety Act of 2004. The Law Enforcement Officers Safety Act of 2004 was passed on June 23, 2004. The Act amends the Federal criminal code to authorize a qualified law enforcement officer carrying photographic identification to carry a concealed firearm, notwithstanding any State or local law. H.R.218. As such, a qualified law enforcement officer cannot face federal criminal prosecution for carrying a concealed weapon. 18 U.S. Code Section 926(b)(c) defined a qualified law enforcement officer as the following:

//

> [T]he term "qualified law enforcement officer" means an employee of a governmental agency who –
> 1) is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest or apprehension under section 807(b) of title 10, United States Code (article 7(b) of the Uniform Code of Military Justice);
> 2) is authorized by the agency to carry a firearm;
> 3) is not the subject of any disciplinary action by the agency which could result in suspension or loss of police powers;
> 4) meets standards, if any, established by the agency which require the employee to regularly qualify in the use of a firearm;
> 5) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
> 6) is not prohibited by Federal law from receiving a firearm.

18 U.S.C. Code. § 926(b)(c).

Mr. Ibrahim is considered a qualified law enforcement officer pursuant to 18 U.S.C. § 926. First, Mr. Ibrahim was an active federal DEA agent on January 6, 2021. Thus, he was authorized by law to engage in the detection, investigation, and prosecution of any person for violations of law. Second, Mr. Ibrahim was authorized to carry a firearm. Third, Mr. Ibrahim was not the subject of any disciplinary actions at the time of the rally on January 6th. Fourth, Mr. Ibrahim was in compliance with all DEA standards to qualify for using a firearm. Fifth, Mr. Ibrahim was not under the influence of any drugs or substances at the time. Finally, Mr. Ibrahim was not prohibited by Federal law from receiving a firearm. Therefore, Mr. Ibrahim met all the requirements to qualify as a qualified law enforcement officer within the meaning of the Act.

Furthermore, Executive Order Number 13977, Section 2 provides in relevant part that the executive orders are:

> Removing obstacles to Federal Law Enforcement Officers Qualifying For Concealed Carry Under the Law Enforcement Officers Safety Act of 2004. (a) It shall be the policy or the United States to remove any undue obstacle preventing current or retired Federal law enforcement officers from carrying a concealed firearm as allowed under the Law Enforcement Safety Act of 2004, as amended (18 U.S.C. 926(b), 926(c)(LEOSA)."

Exec. Order No. 13977, 86 F.R. 6803 (January 22, 2021).

While this Executive Order was implemented two weeks after the rally on January 6, 2021 this further shows the intent of the legislation, including the executive branch, to provide exemption from criminal prosecution for qualified law enforcement to carry their weapons on and off duty.

As such, Counts One and Three against Mr. Ibrahim, alleging that he carried his federal weapon with his government issued identification on U.S. Capitol grounds, should be dismissed because Mr. Ibrahim is exempt from federal criminal prosecution pursuant to the Law Enforcement Safety Officers Act of 2004 and 18 U.S.C. Section 926(b).

### B. The Motion to Dismiss the Indictment Should be Granted Where the Government Engaged in Multiplicity

> Multiplicity is the charging of a single offense in more than one count. When the government charges a defendant in multiplicitous counts, two vices may arise.  First, the defendant may receive multiple sentences for the same offense.  Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes—not one.

*United States v. Langford,* 946 F.2d 798, 802 (11th Cir. 1991), *cert. denied,* 503 U.S. 960 (1992).  To determine whether an indictment is multiplicitous, the Court must "first determine the allowable unit of prosecution." *Id.* Here, the Government has charged Mr. Ibrahim with a single offense in more than one count of the Indictment: (Count One) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A), and (Count Three) Carrying on the Capitol, a firearm, in violation of 40 U.S.C. § 5104(e)(1)(A)(i). As such, Counts One and Three of the Indictment are unconstitutionally multiplicitous and this Court should dismiss Counts One and Three of the Indictment or, in the alternative, order the Government to elect among the counts.

The Government's decision to indict Mr. Ibrahim for the crime of (1) Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon and (2) Carrying on the Capitol, a firearm, demonstrate that the Indictment is multiplicitous. Count One alleges that Mr. Ibrahim knowingly entered or remained in any restricted grounds without lawful authority to do so while using or carrying a deadly or dangerous weapon or firearm, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A). Count Three alleges that Mr. Ibrahim carried a firearm on the Capital Grounds, in violation of 40 U.S.C. § 5104(e)(1)(A)(i).

"Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior." *United States v. Frierson,* 698, F.3d 1267, 1269 (10th Cir. 2012).

Here, both Counts One and Three stem from a single transaction or occurrence: the rally at the U.S. Capitol on January 6, 2021. Both Counts are attempting to punish Mr. Ibrahim for **identical alleged conduct**, *i.e.*, carrying a dangerous weapon or firearm on specific grounds at the U.S. Capitol. As such, both counts cover identical criminal behavior and are multiplicitous.

"[T]he principle danger in multiplicity is that the defendant will receive multiple sentences for a single offense, although courts have noted that multiple counts may also work against defendant by leading the jury to believe that defendant's conduct is especially serious because it constitute more than one crime." 5 Wayne R. LaFave, *et al., Criminal Procedure* §19.3(e) (4th ed., Dec. 2016 update). Both dangers are present in this case.

First, Mr. Ibrahim's Indictment upon these multiplicitous charges deprives him of his rights to due process, a fair trial and reliable sentencing determination, and to be free from double jeopardy as guaranteed by the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. The Double Jeopardy Clause protects a defendant against multiple punishments for the same offense. The Fifth Amendment's Double Jeopardy Clause precludes a court from imposing multiple convictions and punishments under different statutes for the same act or course of conduct. According to *United States v. Coleman,* to determine whether two charges are multiplicitous, a court will look to see whether the charges are based on separate acts. *United States v.*

*Coleman,* 79 M.J.100. Here, Counts One and Three are not based upon separate alleged acts. The Government purports that Mr. Ibrahim entered the U.S. Capitol grounds while carrying a firearm on a single occasion on January 6, 2021. Therefore, imposition of convictions and punishments for both Counts One and Three would violate the Fifth Amendment where the Government has alleged identical acts occurring at the same time for both counts.

Second, should Mr. Ibrahim be forced to go to trial on an Indictment which clearly contains multiplicitous counts, this would "improperly prejudice [him before] a jury by suggesting that [he] has committed [two] crimes—not one." *Langford, supra*, 946 F.2d at 802. The circumstances of the felony charges in this matter support a reasonable likelihood that Mr. Ibrahim would be improperly prejudiced before a jury where the Government has suggested that Mr. Ibrahim committed two criminal acts, rather than the purported single act on January 6, 2021.

The Indictment at hand is multiplicitous, and therefore defective, because if charges a single offense in Counts One and Three of the Indictment. The Government has charged Mr. Ibrahim with having an improper weapon on restricted grounds in both Counts One and Three; however, the Government alleges a single course of conduct from Mr. Ibrahim's purported actions on January 6, 2021 to support both counts. This multiplicitous Indictment runs afoul of the Fifth Amendment's Double Jeopardy Clause because it would lead to Mr. Ibrahim being punished twice for the same purported

crime. Further, the multiplicitoous Indictment would prejudice Mr. Ibrahim before a jury. As such, Mr. Ibrahim respectfully moves this Court to enter an order dismissing the indictment or, in the alternative, order the Government to elect among the counts. .

## C. CONCLUSION

For the above-mentioned reasons, Mr. Ibrahim respectfully requests that this Court dismiss the Indictment because it is impermissibly multiplicitous.

Dated: March 25, 2022                    Respectfully Submitted

**DRE LAW, A.P.C.**

By: */s/Darren M. Richie*
    DARREN M. RICHIE
    MARISSA B. HERTZBERG
    *Attorneys for Defendant*
    *Mark S. Ibrahim*