Darren M. Richie (SBN 316116)
darren@dre.law
Marissa B. Hertzberg (SBN 340350)
marissa@dre.law
**DRE, A.P.C.**
222 N. Canon Drive, Suite 201
Los Angeles, CA 90210
(213) 265-7888

*Attorneys for Defendant Mark S. Ibrahim*

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MARK S. IBRAHIM,<br><br>            Defendant. | Case No. 1:21-cr-00496-TJK-1<br><br>**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DISCOVERY**<br><br>Date: May 4, 2022<br>Time: 2:00 p.m.<br><br>Honorable Timothy J. Kelly |

# MOTION TO COMPEL PRODUCTION OF DISCOVERY

Defendant, Mark S. Ibrahim ("Mr. Ibrahim"), hereby moves this Court to compel production of specific discovery. This request is not limited to those items that the Government knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other]

1

agencies" under *United States v. Bryan*, 868 F.2d 1032 (9th Cir. 1989). This motion is based upon the instant motions and notice of motions, the files and records in the above-captioned matter, and any all-other materials that may come to this Court's attention prior to or during the hearing of this motion.

## I.  BACKGROUND

Mr. Ibrahim contends that the process by which the Government selected his case for prosecution denied him equal protection of the law as guaranteed by the Fifth Amendment to the United States Constitution. As grounds for this contention, Mr. Ibrahim asserts that the Government's selection of his case for criminal prosecution was deliberately based upon an arbitrary and unjustifiable standard. This is clear where Mr. Ibrahim's brother, Michael S. Ibrahim, also attended the rally on January 6, 2021 as an off-duty FBI agent, traveled to the same locations as Mr. Ibrahim, and like Mr. Ibrahim, carried his badge and gun on his person. However, unlike Mr. Ibrahim, Michael Ibrahim <u>has not been indicted by the Government</u>—and was never offered immunity—despite engaging in the exact same conduct as Mr. Ibrahim in an identical location. Further, Michael Ibrahim is still a special agent with the FBI and an employee in good standing with the Department of Justice to this day. Additionally, there were other off duty Federal Agents present at the Capitol on January 6, 2021, who have not been indicted or charged.

//

## II.     LEGAL ARGUMENT

### A. The Defendant has the Constitutional Right to Discover all Relevant and Material Evidence in the Possession of the Prosecution.

Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the Government has a continuing obligation to produce all information or evidence known to the Government relating to guilt or punishment that might reasonably be considered favorable to the defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence.  *See United States v. Price,* 566 F.3d 900, 913 n.14 (9th Cir. 2009).

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other Government evidence.  If doubt exists, it should be resolved in favor of the defendant with full disclosure being made.  In *Turner v United States,* the Supreme Court noted that, "the government isolates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States,* 137 S. Ct. 1885, 1888 (2017), quoting *Smith v. Cain,* 565 U.S. 73, 75 (2012).

Moreover, Mr. Ibrahim asserts that his due process rights have been violated by selective prosecution.  A defendant's right to discovery is founded on an accused's fundamental and constitutional right to a fair trial and due process of law.  *Brady v.*

*Maryland* (1963) 373 U.S. 83; *Davis v. Alaska (*1974) 415 U.S. 308; *United States v. Bagley* (1985) 473 U.S. 667.  As such, Mr. Ibrahim has the constitutional right to discover all relevant and material evidence in the possession of the prosecution.

Notably, the Defendant is expecting members of Congress to file amicus briefs in support of the instant motion to compel.

### B. The Defense Respectfully Requests That This Court Order the Government to Disclose to the Defense the Items Listed Below.

The Defense respectfully requests that this Court order the prosecution to disclose all items that were informally requested, but not disclosed, and that are described below.

### 1.  Law enforcement presence on January 6, 2021

The Defendant respectfully requests the following items and information related to law enforcement present at the rally on January 6, 2021:

- All reports, notes, documents, diagrams, electronic mail, memoranda and records, logs or information related to how many off-duty agents from any federal agency, including but not limited to FBI agents or confidential FBI Informants, actively participated in the events of January 6, 2021;

- All reports, notes, documents, diagrams, electronic mail, memoranda and records, logs or information related to how many off-duty agents from any federal agency, including but not limited to FBI agents or confidential FBI Informants, committed crimes of violence on January 6, 2021 at the U.S. Capitol grounds;

- All reports, notes, documents, diagrams, electronic mail, memoranda and records, logs or information related to how many off-duty agents from any federal agency, including but not limited to FBI agents or confidential FBI Informants, possessed their service firearm on their person on January 6, 2021 at the U.S. Capitol grounds;

- Any and all information related to Law Enforcement presence at the U.S. Capitol grounds on January 6, 2021, whether on or off duty, on official or non-official capacity, with or without their badge and weapons;

- All reports, notes, documents, diagrams, electronic mail, memoranda and records, logs or information related to how many FBI agents or confidential FBI Informants actively encouraged and incited crimes of violence on January 6, 2021.

All reports provided to the Defense shall be complete and unredacted, and Defense counsel will stipulate that the Defendant will not be provided with copies of nor allowed to read any unredacted reports that are specifically identified by the Government.

In this case, information on other Federal Agents is needed to establish Mr. Ibrahim's selective prosecution claim, which will show that he has been targeted when the Defense has reason to believe there were other off-duty state and federal law enforcement officers present at the rally on January 6, 2021, in the same position as Mr. Ibrahim, who were not criminally indicted by the Government. As discussed at length in Mr. Ammari's Motion to Dismiss the Indictment filed on January 28, 2022, the

Government's selection of Mr. Ibrahim's case for criminal prosecution was deliberately based upon an arbitrary and unjustifiable standard. (*See* Dkt. No. 21 ("Motion to Dismiss") at 13-17.)

"To prevail on its claim under the equal protection clause, [the challenger] must demonstrate that enforcement had a discriminatory effect" and that the government was motivated by a discriminatory purpose. *Rosenbaum v. City and County of San Francisco*, 484 F.3d 1142, 1152 (9th Cir. 2007). Here, there are various comparators who were not prosecuted, or even negatively impacted by their analogous actions to Mr. Ibrahim's, demonstrating the first prong for discriminatory effect. Further, with regard to the element of discriminatory purpose, as described in more detail below, the Government was motivated to indict Mr. Ibrahim pursuant to a discriminatory purpose, i.e., vindictive prosecution based upon political motives. Therefore, any and all information related to Law Enforcement presence at the Capitol on January 6, 2021, whether on or off duty, on official or non-official capacity, with or without their badge and weapons, is critical in establishing Mr. Ibrahim's selective and politically motivated prosecution claims, as well as his assertion that the Government failed to equally protect him under the Fifth Amendment of the United States Constitution.

Other FBI agents were present at the rally on January 6, 2021; namely Levi Thomas, who was on official duty. Mr. Ibrahim also approached the Federal Bureau of Investigation, Washington Field Office SWAT Team at the rally to offer his assistance if

it became necessary. Notably, Mr. Ibrahim's brother, Michael Ibrahim, was also present at the January 6, 2021 rally as an off-duty FBI agent, carried his badge and firearm on his person, and traveled to identical locations as Mr. Ibrahim, yet was never indicted by the Government.

The Defense has reason to believe that there exist additional comparators who were not prosecuted for—or even negatively impacted by—their actions, which are clearly analogous to Mr. Ibrahim's alleged conduct. For example, a United States Customs and Border Protection officer was never prosecuted by the Government for his conduct, despite carrying a firearm during the "Justice for J6" rally at the Capitol. Mr. Ibrahim has been indicted on allegations of the same conduct, while this Agent has been spared. It was stated that this unnamed individual indeed was carrying a firearm, and he was not at the rally in any official capacity.

The Defendant's request for information on all Law Enforcement presence at the Capitol on January 6, 2021, whether they were on or off duty, on official or non-official capacity, with or without their badge and weapons, is highly relevant and directly supports Mr. Ibrahim's argument that the Indictment must be dismissed for selective prosecution and Due Process violations. Mr. Ibrahim's defense will be bolstered by being able to prove that there were many comparators present on January 6, 2021, yet the Government decided to indict him, and not others, demonstrating that Mr. Ibrahim is a

target of selective prosecution. This type of evidence is exactly what *Brady* establishes as being discoverable.

Because there were many other off and on duty Federal Agents present at the Capitol on January 6, 2021 who have not been indicted or charged, the discovery requested about the FBI agents or confidential FBI Informants, as well as any off-duty agents from any federal or state agency, is essential in establishing Mr. Ibrahim's basis for his motion to dismiss based on selective prosecution in violation of the Fifth Amendment Equal Protection Clause.

### 2. The pre-existing relationship between Special Agent Higley and Jorge Calzadilla

The Defendant respectfully requests the following items and information related to the pre-existing relationship between Special Agent Higley and Jorge Calzadilla:

- Any and all information surrounding the presence of Special Agent Higley and Jorge Calzadilla at the Cliven Bundy Standoff in 2014;

- Any information divulging whether Special Agent Higley and Jorge Calzadilla had a prior relationship or connections with one another;

- Any information on prior operations or investigations in which Special Agent Higley and Jorge Calzadilla worked on in common, such as, investigative reports, incident reports, interviews, notes, and communications between the two;

- "Notes", as used herein, includes both the records in the official case file as well as those as any in other files relating to the cases.

All reports provided to the defense shall be complete and unredacted, and defense counsel will stipulate that the defendant will not be provided with the copies of nor allowed to read any unredacted reports that are specifically identified by the Government.

Jorge Calzadilla is a primary witness in this case, while Special Agent Higley is a primary investigating officer of this matter. The knowledge of any pre-existing prior relationship and information between the Special Agent Higley and Mr. Calzadilla is critical information that the Defendant needs to know prior to Mr. Calzadilla's testimony at trial to prepare for impeachment purposes.

Mr. Ibrahim met Mr. Calzadilla in Iraq while Mr. Ibrahim was working as an informant for the FBI. Mr. Calzadilla later told Mr. Ibrahim that he was also an FBI informant and had attended several events and rallies in the United States collecting information. In 2019, Mr. Calzadilla asked Mr. Ibrahim to take him to a Second Amendment rally in Richmond, Virginia, where he gathered intelligence for the FBI. Further, Mr. Calzadilla, who was in Colombia at the time, asked Mr. Ibrahim to accompany him to the January 6, 2021 rally. Mr. Calzadilla has a history of going to rallies and protests and covers them by documenting them and taking photographs as an informant on behalf of the FBI.

The Defense requires the above-requested information related to the prior contacts between Jorge Calzadilla and Special Agent Jason Higley to determine if a pre-existing relationship between the two exists. Mr. Calzadilla is a main witness who will likely be

called to testify at trial. Pursuant to *Brady*, the Defense is entitled to any information that may impeach a prosecutor's witness; information related to any pre-existing relationship between Special Agent Higley, the Government's investigating agent, and Jorge Calzadilla, a primary Government witness, is highly relevant to Mr. Ibrahim's case. This information directly bears on witness credibility.

As such, Mr. Ibrahim respectfully requests this Court order the Government to immediately disclose all evidence in its possession favorable to Mr. Ibrahim on the issue of guilt and which tends to affect the credibility of the Government's case. This request specifically includes any impeaching evidence of any material witnesses in this case, namely Jorge Calzadilla.

### 3. Evidence favorable to Defendant (*Brady* discovery)

The Defendant respectfully requests the following items and information:

- All exculpatory evidence and any information favorable to the accused that may tend to exonerate the defendant, minimize his probable sentence, mitigate his sentence, or that constitutes information that the defense might use to impeach or contradict any government witnesses at all phases of trial. *Brady v. Maryland* (1963) 373 U.S. 83.

### C. This Evidence Outweighs any Objections by the Government

Mr. Ibrahim has made informal discovery requests to the Government. Large amounts of discovery have been produced in this matter, as it is a highly publicized,

nationally recognized event.  However, the Government has not fully complied with their discovery obligations.  Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the Government has no interest in denying the accused access to all evidence that can throw light on the issues in the case, and in particular, it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits.  *Hill v. Superior Court* (1974) 10 Cal.3d 812, 816.  The information requested is not unduly burdensome, as it is information about Law Enforcement on a specific day, which are likely part of normal business practices and records.

    The Government may object to production of Mr. Ibrahim's discovery request by concluding that it is not *Brady* material.  In *Brady v. Maryland,* the Court held that suppression by prosecution of evidence that is material either to guilt or punishment violates due process. *Brady v. Maryland* (1963) 373 U.S. 83. Here, the information requested by the Defendant is *Brady* material.

    The production of information regarding the presence of any on or off duty federal agents on January 6, 2021 is vital to Mr. Ibrahim's case.  If this information is produced and indicates that there are many comparators who were not indicted, it would support Mr. Ibrahim's defense of selective prosecution and equal protection violations. Introducing the impact of other Law Enforcement present at the rally on January 6, 2021, known as of this date, is material to Mr. Ibrahim's defense, as it is a direct indication that

the Indictment must be dismissed based on Selective Prosecution and Equal Protection violations. This information is also material as to Mr. Ibrahim's culpability, to ensure that all equally situated parties are treated equally under the law.

Moreover, any discovery that should reveal information regarding a pre-existing relationship between Special Agent Higley and Jorge Calzadilla is material to Mr. Ibrahim's case, as Mr. Calzadilla is a main witness in this matter and the requested information is valuable impeachment material. As such, the requested information should be considered *Brady* material and Mr. Ibrahim is entitled as a matter of law to these items if they are obtainable by the exercise of due diligence.

### III.  CONCLUSION

For the above-stated reasons, the Defendant respectfully requests that this Court order the Government to produce the requested relevant and material evidence in the possession of the prosecution.

//

//

//

//

//

//

//

The Defendant further requests that each of the above orders be continuing orders through the completion of the trial, and that items granted that become available after the date of this order are to be made available immediately to defense counsel.

Dated: March 25, 2022                    Respectfully Submitted

**DRE LAW, A.P.C.**

By: */s/Darren M. Richie*
    DARREN M. RICHIE
    MARISSA B. HERTZBERG
    *Attorneys for Defendant*
    *Mark S. Ibrahim*