UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:21-cr-00496-TJK-1 |
| : | |
| : | |
| MARK S. IBRAHIM : | |
| : | |
| Defendant. : | |

**OPPOSITION TO THE SUPPLEMENTAL MOTION TO DISMISS THE INDICTMENT
(ECF No. 26)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Mark Ibrahim's Supplemental Motion to Dismiss the Indictment based upon his additional claims that (1) he is exempt from prosecution under the terms of the Law Enforcement Officers Safety Act of 2004 (LEOSA) and (2) that the pending firearms counts violate principles of Double Jeopardy under the Fifth Amendment.

As an initial matter, Defendant Ibrahim's LEOSA motion postdates this Court's deadline for dispositive motions, and should be denied on that basis alone. In any event, neither of his arguments has merit. The LEOSA does not apply to Defendant Ibrahim or offer an exemption because he is charged under federal, and not state, law for violations of federal law occurring on federal governmental property. With respect to his multiplicity claim, the charges against Ibrahim under 18 U.S.C. §§ 1752(a)(l) and (b)(l)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon) and 40 U.S.C. § 5104(e)(1)(A)(i) (Firearms and Dangerous Weapons on Capitol Grounds) are not the same offense under *Blockburger v. United States*, 284 U.S. 299 (1932) because each requires proof of an element the other does not. Accordingly, the supplemental Motion to Dismiss should be denied.

# FACTUAL BACKGROUND

The U.S. Capitol was closed to all members of the public on January 6, 2021. Moreover, the United States Capitol Police (USCP) actively cordoned off the area around the U.S. Capitol on January 6, 2021 to prevent people from interfering with the Electoral College Certification process. As described in detail in the government's earlier response, rioters, including Ibrahim, unlawfully entered the Capitol grounds, which was a "restricted" area at the time, where they engaged in certain conduct such as, in Ibrahim's case, carrying a firearm. *See generally* Gov't Opposition to the Motion to Dismiss, ECF No. 22.

Defendant Ibrahim is charged with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. Specifically, Ibrahim is charged with violations of 18 U.S.C. §§ 1752(a)(l) and (b)(l)(A) (Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon), 40 U.S.C. § 5104(d)(2)(F) (injuries to property), 40 U.S.C. § 5104(e)(1)(A)(i) (Firearms and Dangerous Weapons on Capitol Grounds), and 18 U.S.C. § 1001(a)(2) (False Statements and Representations).

# ARGUMENT

### A. Ibrahim is Not Exempt from Federal Law Prohibiting the Possession of Firearms

Defendant Ibrahim first argues that he "is exempt from federal prosecution pursuant to the Law Enforcement Officers Safety Act of 2004." ECF No. 26, pg. 1. That is incorrect because the LEOSA applies only to state and local law provisions, not to federal prohibitions. In its entirety, 18 U.S.C. § 926B(a) provides:

> (a) Notwithstanding any other provision of the *law of any State or any political subdivision thereof*, an individual who is a qualified law enforcement officer and who is

2

> carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).

18 U.S.C. § 926B(a) (emphasis added). In its entirety, 18 U.S.C. § 926B(b) provides:

> (b) This section shall not be construed to supersede or limit the laws of any State that—
>
> > (1) permit private persons or entities to prohibit or restrict the possession of concealed firearms on their property; or
> >
> > (2) prohibit or restrict the possession of firearms on any State or local government property, installation, building, base, or park.

18 U.S.C. § 926B(b). Consequently, § 926B, by its plain terms, exempts qualified law enforcement officers from the concealed weapons permit requirements *only* under state and local law, not federal law. *See United States v. Alston*, 899 F.3d 135, 145 (2d Cir. 2018) (describing § 926B as permitting exemption to law enforcement officers to carry firearms "notwithstanding certain *state* laws") (emphasis added). And even if § 926B somehow overrode federal law, Defendant Ibrahim's conduct would still likely not be exempted. *See* § 926B(b)(2) (noting that legal restrictions for carrying firearms on any "government property, installation, building, base, or park" remain in place).[1]

This distinction was explained in *Duberry v. D.C.,* 924 F.3d 570 (D.C. Cir. 2019). In *Duberry*, several former correctional officers sued the District under the provisions of the LEOSA so that they could carry concealed weapons. In deciding in favor of the correctional officers, the Court stated that the District Court's opinion explained the purpose of the LEOSA

---

[1] The Capitol Grounds is clearly posted around the periphery with signs saying "NOTICE – Welcome to the United States Capitol Grounds. Please be Advised that Firearms, Dangerous Weapons, Explosives and Incendiary Devices are Prohibited on Capitol Grounds and that Packages, Backpacks and Other Containers May be Subject to Inspection By United States Capitol Police."

as follows:

> Before 2004, a patchwork of state laws governed whether out-of-state current or former law enforcement officers *could carry a concealed firearm within a particular state's borders*. . . . Beginning in 1992, lawmakers introduced legislation aimed at permitting concealed carry nationwide for certain law enforcement officers. . . . Efforts succeeded in 2004 with the enactment of the Law Enforcement Officers Safety Act, known as "LEOSA." See LEOSA, Pub. L. 108-277, 118 Stat. 865[, 866] (2004) (codified at 18 U.S.C. §§ 926B, 926C).

*Duberry*, 924 F.3d at 573. (emphasis added).   The Court further noted:

> LEOSA mandates that all active and retired law enforcement officers be able to carry a concealed firearm anywhere in the United States subject to certain conditions, *overriding most contrary state and local laws*. . . . LEOSA provides that, "[n]otwithstanding any other *provision of the law of any State or any political subdivision thereof*[.]"

*Id*. (emphasis added).   See also *People v. Booth*, 20 Misc. 3d 549, 862 N.Y.S.2d 767 (Orange County Ct. 2008) ("[T]he court finds that the defendant is exempt from prosecution under New York State law as a result of LEOSA").   Consequently, LEOSA provides no safe harbor for defendant Ibrahim for his violation of federal law for his conduct on federal government property.

### B.   Counts One and Three Charge Separate Offenses Under the *Blockburger* Test

The two charges against defendant Ibrahim for unlawful possession of a firearm does not offend principles of double jeopardy.   "It is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause" of the Fifth Amendment.   *Albernaz v. United States*, 450 U.S. 333, 344 n.3 (1980).   Convictions for separate statutory charges based on the same conduct violate that Clause's protection "against multiple punishments," and qualify as multiplicitous, only when those convictions are "for the same offense."   *United States v. Mahdi*, 598 F.3d 883, 887 (D.C. Cir. 2010) (internal quotation

4

marks omitted); *see United States v. Cooper*, 886 F.3d 146, 150 (D.C. Cir. 2018). To determine whether two crimes under separate statutory provisions qualify as "the same offense" for double jeopardy purposes, courts have long applied the test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932), which asks "whether each provision requires proof of a fact which the other does not, i.e., whether either is a lesser included offense of the other." *Mahdi*, 598 F.3d at 888 (internal quotation marks and citation omitted).

The *Blockburger* test "calls for comparison of the statutorily-prescribed elements of the offenses, not the constituent facts either as alleged or proven." *United States v. Coachman*, 727 F.2d 1293, 1301 (D.C. Cir. 1984); *see, e.g., Illinois v. Vitale*, 447 U.S. 410, 416 (1980) ("[T]he *Blockburger* test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial."); *United States v. Weathers*, 186 F.3d 948, 954 (D.C. Cir. 1999) (inquiry "focuses exclusively on the statutory elements of the offenses"), *cert. denied*, 529 U.S. 1005 (2000). The inquiry, at bottom, is whether proof of one of the two offenses "necessarily includes proof of" the other. *Ball v. United States*, 470 U.S. 856, 862 (1985); *accord United States v. Woodward*, 469 U.S. 105, 108 (1985) (per curiam) (summarily reversing lower court's multiplicity determination because "proof of a currency reporting violation does not necessarily include proof of a false statement offense" under 18 U.S.C. § 1001). *See also United States v. Manafort*, 313 F. Supp. 3d 311 (D.D.C. 2018).

Under these principles, Counts One and Three charge separate "offenses" within the meaning of the Double Jeopardy Clause. Under 18 U.S.C. §§ 1752(a)(l) and (b)(l)(A), a defendant violates the elements of the offense when he:

> (1) knowingly enters or remains *in any restricted building or grounds* without lawful authority to do so, and

> (2) the person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm.

18 U.S.C. §§ 1752(a)(l) and (b)(l)(A) (emphasis added). Section 1752(c)(l) further defines "restricted building or grounds" to mean "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." In contrast, 40 U.S.C. § 5104(e)(1)(A)(i) prohibits a person from carrying on or having readily accessible on the Grounds or in any of the Capitol Buildings a firearm. The differing elements of the offenses are the area in which the conduct is prohibited, and the requirement of the restricted grounds. 40 U.S.C. § 5102 defines Grounds as comprising "all squares, reservations, streets, roadways, walks, and other areas as defined on a map entitled 'Map showing areas comprising United States Capitol Grounds', dated June 25, 1946, approved by the Architect of the Capitol, and recorded in the Office of the Surveyor of the District of Columbia in book 127, page 8, including all additions added by law after June 25, 1946. 40 U.S.C. § 5102(a). The map is shown as follows:



This distinction (Congressional grounds vs. restricted building or grounds) defeats defendant Ibrahim's multiplicity claim.

None of the cases on which defendant Ibrahim relies undermines this straightforward analysis. For example, defendant Ibrahim incorrectly suggests that *United States v. Coleman*, 79 M.J. 100 (CAAF 2019), determines whether counts are multiplicitous based on whether they involve "separate acts." There, the defendant was charged under multiple statutes based on a single incident of firing a handgun at the victim's car. *Id.* at 102. The appellate court in *Coleman* concluded that because each statute required "proof of an element not contained in the other," the defendant's convictions for the two offenses of attempted murder and the willful discharging a firearm for the same conduct were not multiplicitous. *Id.* at 103 ("Because each offense contains a unique element, 'the *Blockburger* rule is clearly satisfied in this case, and separate offenses warranting separate convictions and punishment can be presumed to be Congress' intent'") (citation omitted). Similarly unavailing is *United States v. Frierson*, 698 F.3d 1267(10th Cir. 2012). In *Frierson*, a multiplicity problem arose where the defendant was charged with two violations of a drug conspiracy statute and the evidence failed to establish two separate agreements, leading the government to concede that the charges were multiplicitous. *Id.* at 1270. Those cases offer no support for defendant Ibrahim's argument.

WHEREFORE, the government respectfully requests that this Court deny Defendant's supplemental motion to dismiss.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By: _____/s/_____
James D. Peterson
Trial Attorney
United States Department of Justice
Special Assistant United States Attorney – D.C.
VA Bar 35373
1331 F Street N.W.
6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov