Darren M. Richie (SBN 316116)
darren@dre.law
Marissa B. Hertzberg (SBN 340350)
marissa@dre.law
**DRE, A.P.C.**
222 N. Canon Drive, Suite 201
Los Angeles, CA 90210
(213) 265-7888

*Attorneys for Defendant Mark S. Ibrahim*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       v.<br><br>MARK S. IBRAHIM,<br><br>              Defendant. | CASE NO. 1:21-cr-00496-TJK-1<br><br>**DEFENDANT IBRAHIM'S REPLY TO THE UNITED STATES OF AMERICA'S RESPONSE IN OPPOSITION TO DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS THE INDICTMENT** |

Defendant, Mark S. Ibrahim ("Mr. Ibrahim"), moved for an order dismissing the Indictment in this matter pursuant to the Federal Rules of Criminal Procedure Rules 12(b)(3) and 12(b)(3)(B)(ii). In addition to the legal arguments included in Defendant's Motion to Dismiss filed on January 28, 2022, Mr. Ibrahim asserted that the Indictment be dismissed on the grounds that 1) Mr. Ibrahim is exempt from federal prosecution

pursuant to the Law Enforcement Officers Safety Act of 2004 and 18 U.S. Code Section 926(b) and 2) the charges within the Indictment are impermissibly multiplicitous.  The Defendant submits this reply brief to the United States of America's Response in Opposition to Defendant's Motion to Dismiss.  In support of this Reply, Defendant shows the Court the following:

## ARGUMENT

**A. Mr. Ibrahim Meets the Criteria of the Law Enforcement Officers Safety Act of 2004**

In the United States' Opposition to Defendant's Motion to Dismiss, they allege that the Law Enforcement Officers Safety Act of 2004 (LEOSA) does not apply to Mr. Ibrahim.  However, in *Duberry v. D.C.,* 824 F.3d 51046 (D.C. Cir. 2016), the Court exempted law enforcement officers from prosecution under LEOSA.  The Court held that LEOSA creates an individual right on part of qualified law enforcement officers to carry concealed firearms.  LEOSA provides that "an individual who is a qualified law enforcement officer, or a qualified retired law enforcement officer and who is carrying the identification required may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce." 18 U.S.C. §§ 926B, 926C.

Mr. Ibrahim meets the criteria of LEOSA and protecting Mr. Ibrahim goes to the essence of the legislative intent of the enactment of LEOSA.  Moreover, "Congress must have intended that the provision in question benefit the plaintiff." *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). Here, it is clear that Congress intended Mr. Ibrahim, a law

enforcement officer, benefit from the LEOSA statute. Mr. Ibrahim's purpose of carrying his concealed firearm was in order to be fully prepared to engage in his duties as a federal officer if the situation require. Arguably, Mr. Ibrahim, and society at large, would benefit from the LEOSA statute. As such, Mr. Ibrahim should be exempt from prosecution.

### B. Counts One and Three are Multiplicitious.

In the United States' Opposition to Defendant's Motion to Dismiss, they allege that the charges do not meet the multiplicitous standard for being the same offense under *Blockburger v. United States. See Blockburger v. United States,* 284 U.S. 299 (1932). While the United States argues the statutory elements of Counts One and Three differ— *i.e.*, restricted grounds versus Capitol grounds—this is not fatal to Mr. Ibrahim's argument where the "Capitol grounds" in Count Three are the very same "restricted grounds" in Count One. According to 18 U.S. Code § 1752, the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area—of the White House or its grounds, or the Vice President's official residence or its grounds; of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or of a building or grounds so restricted in conjunction with an event designated as a special event of national significance. 18 U.S. Code § 1752- Restricted Building or Grounds. In this case, Mr. Ibrahim has been charged with two different Counts with respect to identical conduct at the same

statutorily described location. As such, the statutorily-prescribed elements of the offenses are indeed the same.

The test outlined in *Blockburger* does "call for comparison of the statutorily-prescribed elements of the offenses, not the constituent facts either as alleged or proven." *United States v. Coachman,* 727 F.2d 1293, 1301 (D.C. Cir. 1984). In this case, both Counts One and Three statutorily prohibit the carrying of weapons on certain grounds. These are the statutorily-prescribed elements of the offenses as noted above. The facts alleged, describing the details with respect to the exact location of Mr. Ibrahim, are immaterial to a multiplicitous claim. As such, Mr. Ibrahim is being indicted twice for the same offense, carrying a firearm in a restricted area. In the interests of justice, the Indictment cannot stand.

With respect to the Government's remaining arguments, Defendant relies on Defendant's Motion to Dismiss and memorandum of Law in Support of Motion to Dismiss.

//

//

//

//

//

//

## **CONCLUSION AND RELIEF REQUESTED**

WHEREFORE, Defendants respectfully move the Court to grant its Motion to Dismiss the United States' Indictment.

Dated: April 15, 2022 　　　　　　　　　　Respectfully Submitted

　　　　　　　　　　　　　　　　　　　　**DRE LAW, A.P.C.**

　　　　　　　　　　　　　　　　　By:　*/s/Darren M. Richie*
　　　　　　　　　　　　　　　　　　　　Darren M. Richie
　　　　　　　　　　　　　　　　　　　　Marissa B. Hertzberg
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*
　　　　　　　　　　　　　　　　　　　　MARK S. IBRAHIM