## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | CASE NO: 1:21-CR-496 |
| ) | |
| **MARK IBRAHIM,** ) | HEARING: JUNE 30, 2022 |
| ) | |
| DEFENDANT. ) | |

### MOTION TO REMOVE DESIGNATION OF "HIGHLY SENSITIVE"
### ON LIMITED MATERIALS USED IN DEFENDANT'S FILING

Pursuant to the Protective Order governing discovery in this matter, which governs materials that the government designates as "Sensitive or Highly Sensitive", the defense moves to remove protective designation on the limited materials used by the Defendant in his *Memorandum in Support of Motion for Discovery on Equal Protection Grounds for Selective Prosecution*.

Specifically, the defendant utilizes two quotes from the investigating agent from a Grand Jury transcript, a document the government has marked as "Highly Sensitive." The defendant only seeks to release from designation the two particular quotes used in his Memorandum. Further, the defendant utilizes one section from the DEA Agents Manual, a document the government has also marked as "Highly Confidential." (Presumably intended as "Highly Sensitive.") The defendant seeks to release from designation just the section cited and quoted in his Memorandum.

The defense is not seeking to release from designation the full documents marked with high sensitivity, only the limited quotes or portions from each document that the defendant relies upon in his argument.

Section 11 of the Protective Order exempts materials that, "Are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings." In this case, the quotes will be part of the public record since these quotes will be discussed at a public hearing scheduled for June 30, 2022.

The defendant makes a reasonable, narrowly tailored request for a change of designation for a defendant's bonafide legal interest.

The cited quote from the DEA Agents Manual exculpates the defendant with respect to his carry of the firearm. In a case where the government has publicly shamed the defendant and publicly accused him of felonious criminal activity, the defendant should not be precluded from defending himself in a public forum as he seeks the release of truth and asks for justice.

Of note, the government has no concerns about publicly releasing DEA Agents Manual chapters as evidence in cases where they receive a benefit from the release. See, e.g., *United States v. Montgomery*, 676 F. Supp. 2d 1218 (D. Kan. 2009) (Government's Exhibit 1, DEA Agents Manual § 6662.69.1(B)); *United States v. Reid*, 517 F.2d 953 (2d Cir. 1975) (government relying on and discussing in depth "§ 6641.5 of the DEA Agents Manual"); *United States v. Flores*, 122 F. Supp. 2d 491 (S.D.N.Y. 2000) (relying on and quoting "Section 6641.23 of the DEA Agents Manual"). Moreover, a full DEA Agents Manual, albeit an older version, is already published on the internet on multiple websites.[1]

---

[1] Available at: https://nick-mail.net/marginalia/DEA%20Agents%20Manual%202002.pdf

The government cannot be permitted to keep in secret a section of the manual that shows the defendant complying with instructions from the government, compliance for which he was later *criminally charged by the same government that issued the policy he was following*, just because such secrecy would favor the government's interests in concealing the instruction they gave this defendant prior to charging him. See *Gannett Co. v. DePasquale.* See 443 U. S. 368, 380 (1979) ("… a public trial is for the benefit of the accused; that the public may see he is fairly dealt with and not unjustly condemned, and that the presence of interested spectators may keep his triers keenly alive to a sense of their responsibility and to the importance of their functions.") Indeed, maintaining a high sensitivity designation serves solely to protect the government from public scrutiny. See *In re Oliver*, 333 U.S. 257, 270 (1948) ("The knowledge that every criminal trial is subject to contemporaneous review in the forum of public opinion is an effective restraint on possible abuse of judicial power"). The defendant is undoubtedly prejudiced if the government's attack on his character is permitted to proceed publicly while his defense is forced into secrecy.

The same holds true for the two quotes from the Grand Jury transcript. One quote acknowledges the information in the DEA Agents Manual that is discussed above, while the other quote discusses the government's suspicions about the defendant's intentions on the day in question. The information sought for release has no justifiable basis on which the government should attempt to maintain secrecy. Both quotes relate directly to the defendant and do not reveal anything that is subject to any potential government interest.

More importantly, multiple Constitutional rights are implicated by maintaining protective order designation and thus secrecy over the evidence that a defendant relies upon in his defense.

First, the defendant's Sixth Amendment right to a public trial and his Fifth Amendment right to

present a complete defense are implicated. See *California v. Trombetta*, 467 U.S. 479, 485

(1984). As is the right of the American people to access public cases under the First Amendment.

See *Presley v. Georgia*, 130 S.Ct. 721, 724 (2010); *Waller v. Georgia*, 467 U.S. 39, 45 (1984)

("In addition to ensuring that judge and prosecutor carry out their duties responsibly, a public

trial encourages witnesses to come forward and discourages perjury").

Section 9 of the Protective Order places the burden on the government to demonstrate a

need for continued sensitivity designation when a defendant contests the designation, stating that,

"the burden of demonstrating the need for a protective order remains with the government at all

times." The standard for the government's burden is "good cause," which requires a

"particularized, specific showing." *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019).

"In determining whether good cause exists, courts have considered whether (1) disclosure of the

materials in question would pose a hazard to others; (2) the defendant would be prejudiced by a

protective order; and (3) the public's interest in disclosure outweighs the possible harm." *Id*.  The

D.C. Circuit recognizes a "strong presumption in favor of public access to judicial proceedings."

*In re Leopold to Unseal Certain Electronic Surveillance Applications and Orders*, 964 F.3d 1121,

1127 (D.C. Cir. 2020) (quoting *United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).

The government cannot meet its burden by simply wishing to keep evidence that exculpates the

defendant away from public view.

In summation, the government cannot meet its burden to maintain secrecy over the

limited quotes that the defendant seeks to release. At the same time, the defendant is highly

prejudiced by shielding these quotes from public view. The disclosures in question pose no

hazard to anyone. And, the public's interest favors disclosure. The government has no basis on

which to overcome the strong presumption in favor of public access to evidence the defendant

wishes to utilize in his defense at a public hearing.


Date: June 9, 2022

<div style="margin-left:40%">

Respectfully submitted,
By Counsel:


_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

</div>


**<u>CERTIFICATE OF SERVICE FOR CM/ECF</u>**

I hereby certify that on June 9, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

<div style="margin-left:40%">

_____/s/_____
Marina Medvin, Esq.

</div>