UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-496 |
| ) | |
| **MARK IBRAHIM,** ) | HEARING: JUNE 30, 2022 |
| ) | |
| DEFENDANT. ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO CHANGE DESIGNATION**

The government filed an Opposition to the defendant's motion to change the designation of certain quotes utilized by the defense in its pleadings that were subject to the Protective Order. The government's Opposition appears to confuse a few points made by the defense and then goes into an unrelated and lengthy discussion about cigars.

To summarize:

The defense is discussing conservatism.

The government is discussing cigars.

It appears that some clarification is in order.

**I. Quotes in Pleadings**

The defendant seeks to remove from the designation of the Protective Order certain quotes referenced in his pleadings in order to keep his pleadings and all of his arguments on the



public record. The defendant is *not* seeking to disclose the entirety of any transcripts, documents, or related materials — just the quotes, as quoted by the defendant, in his pleadings. That is all.

The government's concerns and discussion about a transcript are thus irrelevant.

As for the Grand Jury transcript — the defendant only seeks to publicly reference in his pleadings two quotes made by SA Higley to the Grand Jury, as these two quotes are supportive of the defendant's argument that he was selectively prosecuted. The government bears the burden of justifying to keep these quotes subject to the Protective Order. The government does not meet this burden.

Moreover, upon granting the government's Motion for Disclosure pursuant to Federal Rule of Criminal Procedure 6(e), this Court did not see the need to limit the defendant's use of the Grand Jury materials that had been disclosed to him. See ECF No. 12. And, on independent grounds, this court can further authorize the release of Grand Jury quotes pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) or (ii), as the request is being made by the defendant *in connection with a judicial proceeding* and the defendant has shown that *a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury*.

The government's argument that the entirety of the transcript is necessary for context does not hold water when considering that the government's indictment of the defendant is entirely out of context and the government provided no transcripts to put the accusations into context.

**If the government is genuinely concerned with the full context of all quotes not referenced in the pleadings, we ask that the Protective Order be removed from this case**

**entirely and that all evidence be discussed before this court subject to public view without the need for any pleadings to be filed Under Seal. Fair is fair.**

Otherwise, the government's position amounts to the audacious argument that the government should choose which evidentiary materials to make public and when, but the defense should not; that the court should uphold the government's unilateral decision-making as to what documents or quotes should be hidden from the public when the defendant utilizes the materials in his defense. The government boldly asks this court to approve a legal position of superiority over the defense. All the while, the parties are to stand before this court as equals.

It appears that the real motivation behind why the government is seeking to keep the quotes referenced in the defendant's pleadings from public view is that the quotes directly contradict the government's contentions on the record. (1) The government stated on the record — ECF No. 22, ECF No. 38, and ECF No. 39 — that "DEA agents are not encouraged" to carry firearms. Yet, as the defense seeks to make public, SA Higley testified to the **complete opposite** under oath before the Grand Jury. (2) In the second quote that the defendant seeks to reveal, SA Higley makes it a point to discuss the defendant as a conservative — and the government tries to justify this through … cigars (neither the cigars nor the government's discussion about the defendant's friend has anything to do with conservatism). The quotes made to the Grand Jury are relevant to the court's evaluation of the defendant's argument that he is being selectively prosecuted for his outward conservative beliefs.

Unredacted, public filings are the norm in criminal cases, not the exception. The government seeks to make a mockery of the public criminal justice system with unprecedented requests for unnecessary secrecy.

## II. Conservatism vs. Cigars

The defendant brought to the court's attention the government's bias against *conservatism*. The government, in response, dove into a lengthy discussion about *cigars*. The defense is not concerned with cigars. This court is not concerned with cigars. Cigars are noncriminal and not part of any criminal offense with which Mr. Ibrahim is charged. The government's fixation on cigars is either mistaken or malicious deflection, but it is not cigars that the defendant brought to this court's attention, it is the government's selective prosecution of a man who is outwardly conservative. To reign this back in — this discussion is about conservatives, not cigars.

The defendant's point, however, may have been unintentionally cemented by the government through this strange response.

Mr. Ibrahim alleged that he was selectively prosecuted for his outward conservative beliefs and directed the court's attention to the fact that SA Higley made it a point to notify the grand jury of the defendant's conservatism. While arguing that SA Higley's quote should remain under seal, the government provided public evidence about cigars and statements made by a federal informant who was with Mr. Ibrahim at the protest (an individual whom Mr. Ibrahim stopped from entering the Capitol, by the way) — ***yet not once is the word conservative mentioned by anything the government made public on the record***. It is not a quote of the informant that SA Higley was delivering to the Grand Jury, it was his own conclusions. And SA Higley felt compelled to advise the Grand Jury of Mr. Ibrahim's conservatism. That is precisely the problem with the government's investigation that the defendant has brought to the court's attention. The government selected Mr. Ibrahim for prosecution based on his outward expression