UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-496 |
| ) | |
| MARK IBRAHIM, ) | HEARING: JULY 28, 2022 |
| ) | |
| DEFENDANT. ) | |

**SUPPLEMENT TO DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION FOR DISCOVERY ON EQUAL PROTECTION GROUNDS FOR SELECTIVE PROSECUTION**

On July 11, 2022, a week and a half after the oral argument on Defendant's Motion for Discovery on Selective Prosecution, the government uploaded supplemental discovery requested by the defense as previously inaccessible in the prior production. The defense request for these materials was made on May 4, 2022.

Within the supplemental discovery, the Defense discovered documents that are highly consequential to the consideration of Defendant's motion pending before this court, scheduled for a ruling on July 28, 2022.

### 1) Statements By An On-duty Federal Officer

An email discovered in supplemental discovery is necessary for the proper consideration of Defendant's motion as it addresses explicitly two issues raised by the defense and one issue raised by the government:

1) The politicization of internal federal agency investigations related to January 6.

2) Presence of armed, off-duty federal officers at the January 6 protest.

3) And, lack of Defendant's culpable conduct, in contradiction to evidence presented by the government.

According to an email from a federal agent who, for "preliminary information," contacted an on-duty federal officer stationed at the Capitol protest on January 6, 2021, the on-duty officer observed and interacted with Mark Ibrahim at the protest. The on-duty officer "commented that DEA SA IBRAHIM was behind proper barricade(s) and no aggression/affiliation was observed." Furthermore, the on-duty officer was "hesitant to provide the name(s) of other FBI/other law enforcement personnel known to him that may have been present in a personal capacity at the U.S. Capitol that day because of how political this thing had become… declined to provide any other name(s)."[1]

The defense did not receive a supplement to this investigation.

The statements made by the on-duty agent corroborate the Defense's contention that there were multiple off-duty officers present at the January 6 protest and that they are known to the government. Based on public filings, none of these officers have been charged with any offenses — presumably because, like the brother of Mr. Ibrahim, the officers did not outwardly express their political beliefs. Potentially, they were interviewed, like Mr. Ibrahim's brother, and answered the politicized questions of the government investigators to the political satisfaction of the investigators. And, based on what the Defense has seen in the DEA Agent's manual and the

---

[1] The names of the federal agents, and therefore the original email exhibits, will be withheld from public filings for the protection of the identity of these agents.

laws of DC,[2] and extrapolating similar firearms rules from one agency to all others, the off-duty officers were likely armed.

It is also highly relevant that the on-duty federal officer observed "how political this thing had become" with the internal federal investigations. This agent's observations corroborate the politicized investigation of SA Higley into Mark Ibrahim, as revealed by the nature of SA Higley's questions to Mr. Ibrahim, his coworkers, and his brother.

Finally, the on-duty officer corroborated the statements of Mr. Ibrahim and his brother that they did not see barricades barring access to the areas they visited on January 6, with the on-duty officer stating that Mr. Ibrahim "was behind proper barricade(s)." As a reminder, 18 U.S.C. § 1752(a)(1) and (b)(1)(a), the defendant's most serious charge and the charge that the government revealed at the oral hearing they could have levied against Mr. Ibrahim's brother but simply chose not to, requires for Defendant to have knowingly entered a restricted area.

### 2) Statements By Witnesses Present on January 6

An FBI 302 report of an interview of a witness present on January 6, and corresponding notes, were provided in the supplemental discovery. In contradiction to the government's theatrical obsession with a cigar sales theory, which is not relevant to any legal issue in the matters pending before this court, nor supported by otherwise relevant evidence such as profits or a contract, but which the government continuously raises as somehow inculpatory — a witness who was present with Mr. Ibrahim at the protest in front of the Capitol specifically

---

[2] Pursuant to 21 U.S.C. § 878, DEA law enforcement officers are authorized to carry firearms without limitation to official duty. The DEA Agents Manual § 6122.11(B) *requires* agents to maintain access to firearms while off duty, stating that DEA agents "are required to be available for duty with little or no advance notice" and "must have ready access to their firearm in the event that they are recalled to duty." And, D.C. Code § 22–4505 permits federal police officers, who are otherwise authorized, to carry firearms in DC.

stated, in response to the government's questions, that Mr. Ibrahim "did not talk about a podcast or a cigar."

### 3) A Map Showing the Restricted Perimeter Excludes the Peace Monument



The supplemental discovery included a map that showed the government's alleged restricted perimeter on January 6. The government's restricted perimeter specifically *excluded* the Peace Monument.

During the oral hearing, the government made it a point that Mr. Ibrahim was charged because he climbed the Peace Monument, which the government also claimed had visible restrictions. This could not have been, as the government's evidence shows that the Peace Monument was outside the restricted perimeter placed in front of the Capitol on January 6, and that the government's own search of the defendant's geolocation did not include this area.

Due to the highly elucidative, relevant, and exculpatory nature of this supplemental discovery, and because this discovery was requested prior to the hearing on the Defendant's motion but produced only after the hearing, the Defense asks this Court to add the weight of the supplemental evidence into the consideration of Defendant's motion.

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel: 888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on July 22, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.