UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:21-cr-00496-TJK-1 |
| : | |
| MARK S. IBRAHIM : | |
| : | |
| Defendant. : | |

**RESPONSE TO THE SUPPLEMENT – MOTION FOR DISCOVERY – SELECTIVE PROSECUTION (ECF No. 45)**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this response to the Supplement to the Motion for Discovery in Aid of a Selective Prosecution Claim. (ECF No. 45).

Based upon the defendant's description of the information he seeks in his supplemental filing, the government believes that defendant is referring to internal correspondence from the FBI concerning Special Agent LT, who was friends with defendant's brother, FBI Agent Michael Ibrahim, and also friendly with defendant.[1] The material requested by defendant Ibrahim in his supplement was, in fact, provided to defendant before June 9, 2022. The material had also been provided to defendant's prior counsel on or before October 25, 2021. Moreover, Special Agent LT's identity and presence on January 6, 2021, has been well known to defendant. Neither this information nor the other information cited in defendant's prior memoranda warrant discovery in support of his selective prosecution claim.

---

[1] In his supplement, defendant Ibrahim states "The names of the federal agents, and therefore the original email exhibits, will be withheld from public filings for the protection of the identity of these agents. ECF No. 45, fn. 1. However, defendant himself has already identified the federal officer in prior publicly filed pleadings. *See* ECF No. 21, pg. 16 ("On information and belief, Mr. Ibrahim, his brother Michael Ibrahim, Agent LXXX TXXXXX, the FBI WFO SWAT Team and JXXXX CXXXXXX, an FBI Informant, were not the only Federal Agents and sources of information at the rally").

I. Relevant Background

On April 21, 2022, counsel entered her appearance on behalf of the defendant. ECF No. 32. On or before May 3, 2022, the government provided new counsel with the case specific discovery in the case. That May 3, 2022 discovery included the materials regarding Special Agent LT. On May 6, 2022 at 9:40 am, counsel for Ibrahim contacted the government and wrote "Please supplement the discovery that the government provided with the following items, which were referenced and relied upon by your investigators and witnesses and have been omitted in the May 3, 2022 production entitled 'Discovery for New Counsel.'" Exhibit A. That e-mail specifically acknowledged receiving "4. CYBER MOI 2021-002924 [LT]-FBI 2021-08-30.pdf references attachment 'Two emails relating to [LT's] statements.' Please provide these emails, they were not attached." Exhibit A. Hours later, the government responded:

> I have reviewed your request and spoken with SA Higley. I believe the referenced items which are in the government's possession were included in the discovery you received. If you look at the MOIs, you should see a paperclip icon on the left-hand side of the screen which should reveal the referenced document.

*See* Exhibit A. Approximately one month later, counsel followed up to the government's May 6, 2022, response stating "I don't have access to these. Please send links where I can find them." Exhibit A. Two days later, the government again followed up:

> I have had a chance to follow up with SA Higley, who has just recently re-reviewed the case specific materials uploaded to USAfx for you.
>
> I am informed that the attachments are included, and can be accessed on the USAfx site, or downloaded.
>
> If you are having difficulty accessing the case specific discovery materials uploaded, please feel free to reach out to SA Higley and he can walk you through the process.
>
> SA Jason Higley
> (703) XXX-XXXX – cell

(202) XXX-XXXX – desk

Exhibit A.   More than one month later, counsel replied "I went through my files and these files that are noted are not present. Please upload the individual files requested in that email so we can mark off receipt of these files."   Exhibit A.   Days later, the government responded:

> It is my understanding that the files requested were originally attached to the files produced to you via USAfx.   Attached please find a copy of specific instructions for opening the attached files.
>
> Nevertheless, the files have been separately re-uploaded and are available for your review and download here: All Files > Ibrahim - Discovery for New Cousel > MOI Attachments Re-Produced.

Exhibit A.   As is clear from the e-mail correspondence, the government provided timely discovery, including the information that is the subject of Ibrahim's supplemental filing.   The government confirmed on multiple occasions that the information was available to counsel, and then ultimately reproduced the information again.   Previously, the government had provided case specific discovery to prior counsel.   The LT materials were included in that discovery as well and was provided on or before October 25, 2021.

The information cited by Ibrahim in his recent supplemental filing provides, in its entirety:

> FBI SA [LT] confirmed he was deployed as a SWAT Operator to the U.S. Capitol during the afternoon/evening of 01/06/2021.
>
> SA [LT] confirmed he knows and interacted with DEA SA MARK IBRAHIM at the U.S. Capitol on that date. SA [LT] commented that DEA SA IBRAHIM was behind proper barricade(s) and no aggression/affiliation was observed. SA [LT] also commented that DEA SA IBRAHIM had reached out to him as his organization had come down on him about it. SA [LT] indicated he had spoken with WFO CDC about this issue.
>
> SA [LT] was hesitant to provide the name(s) of other FBI/other law enforcement personnel known to him that may have been present in a personal capacity at the U.S. Capitol that day because of how political this thing had become. SA [LT] declined to

3

provide any other name(s).

[LT] was not interviewed, but contacted for preliminary information by the writer on 01/11/2021 at the request of the WFO MSD SAC. This email is intended as a summary only.

Exhibit B.

Defendant also states in passing that "The on-duty officer "commented that DEA SA IBRAHIM was behind proper barricade(s) and no aggression/affiliation was observed." ECF No. 45, pg. 2. That is inconsistent with other evidence that has been produced in discovery, including photographs and video of the defendant on Capitol grounds. Defendant Ibrahim was inside the barricades and on Capitol grounds, and inside the restricted perimeter and on Capitol grounds when he had contact with SA LT. Defendant's friend took photos of the FBI SWAT team, and MPD body worn camera footage captures Ibrahim in close proximity to the SWAT vehicles clearly inside the restricted perimeter and on Capitol grounds.






II.  **The recently filed pleading does not support Ibrahim's claim**

The information concerning Special Agent LT that is the subject of defendant's supplemental filing does not support Ibrahim's claim for discovery in support of a selective prosecution claim and does not support his claim that it shows a "lack of Defendant's culpable conduct." Ibrahim claims that the previously produced (October 25, 2021 and May 3, 2022), and recently filed, information supports his claim that:

1) The politicization of internal federal agency investigations related to January 6.

2) Presence of armed, off-duty federal officers at the January 6 protest.

3) And, lack of Defendant's culpable conduct, in contradiction to evidence presented by the government.

ECF No. 45, pg. 2. The e-mail, produced in its entirety, shows a federal law-enforcement officer who refused to provide information to his own law-enforcement agency and who does not state or suggest that any off-duty officers possessed firearms on Capitol or restricted grounds. Further, the photographic evidence produced demonstrates that defendant Ibrahim was present on Capitol and Restricted grounds when he was interacting with Special Agent LT with a firearm.

WHEREFORE, the government respectfully files this as its response to the defendant's supplemental memorandum.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By: _____/s/_____
James D. Peterson
Trial Attorney
United States Department of Justice
Special Assistant United States Attorney – D.C.
VA Bar 35373
1331 F Street N.W.
6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov