UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-496 |
| ) | |
| **MARK IBRAHIM,** ) | |
| ) | |
| DEFENDANT. ) | |

**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO AMEND INDICTMENT**

Mr. Ibrahim filed a Motion to Dismiss Count One of the Indictment, ECF No. 47, on August 18, 2022. He pointed out the Government's misrepresentation of fact to the Grand Jury, its failure to correct the indictment for a prolonged period of sixteen months, and asked this court for dismissal, in addition to a sanction of prejudice to attach to the dismissal.

In response to Defendant's motion, on September 1, 2022, the government filed a Motion to Amend the Indictment, ECF No. 52, to remove the false language from the Indictment and to amend the Indictment with different verbiage.

In its Motion, the government does not address the nature of its false statement regarding the Vice President-elect's location. The government takes no responsibility for the misinformation at all whatsoever. Instead, the government attempts to pass off the falsity as just some kind of *change* in information, characterizing the request as "based on these factual developments" — as if the information was not developed at the time that Mr. Ibrahim was indicted, in June of 2021. This insinuation is a misrepresentation in and of itself.

It was publicly known in January of 2021 that Kamala Harris was not at the Capitol on January 6 when the protesters arrived — she publicly said so herself. Mr. Ibrahim was indicted on June 16, 2021, five months after the Washington Post and Los Angeles Times reported that the Vice President-elect explained to the media that she was not in the Capitol at the time of the protest.[1] Yet, the government, through the same prosecutor that stands before this court, presented an indictment to a Grand Jury that claimed Ms. Harris *was* at the Capitol. The information that Ms. Harris was in fact *not* at the Capitol was known and available to the public, and of course to a government prosecutor. Why, then, would the government allege a falsity to the Grand Jury? The false statement remains unexplained. The government's exhibits for ECF No. 52 are not revelations, nor explanations.

The government, after recognizing these "factual developments" in October of 2021, amended the indictments of January 6 defendants where such false statements were made. The government did not amend Mr. Ibrahim's Indictment. Instead, it has kept the pending false charge for Mr. Ibrahim — who had to move for dismissal. This is inexcusable neglect. See *United States v. Nicholas Rodean*, 1:21-cr-00057-TNM, ECF No. 36 (D.D.C. February 2, 2022) (denying the government's request to proffer witness testimony as a result of the Court's loss of confidence in the government "misleading the grand jury about the whereabouts of the Vice

---

[1] Chelsea Janes, *For friends and allies of Kamala D. Harris, deadly Capitol attacks prompt fresh fears*, THE WASHINGTON POST (Jan. 14, 2021), https://www.washingtonpost.com/politics/harris-fears-safety/2021/01/13/bbd3d31a-54ff-11eb- a817-e5e7f8a406d6_story.html ("The day of the mob attack on the Capitol, Harris had received an intelligence briefing in the morning and had not returned to the Senate before rioters broke in. She was kept away from the Capitol until the facility was secured."); Noah Bierman, *Kamala Harris says nation will 'find a moment' to celebrate inauguration amid pandemic grief*, LOS ANGELES TIMES (Jan. 17, 2021), https://www.latimes.com/politics/story/2021-01-17/kamala- harris-speaks-with-the-times ("[Vice President-elect Harris] said she had been at the Capitol earlier that day for a meeting of the Senate Intelligence Committee and was working elsewhere in Washington when she was evacuated. She said she watched the mob enter the Capitol on television from a secure location . . . .").

President-elect" and then failing to "explain[] or remed[y] its mistake" over a year after charging the defendant).

Seven months have passed since the court's admonishment in the *Rodean* case, eleven months since the government amended the indictments of others, and sixteen months since Mr. Ibrahim was indicted under a false premise— and the government has neglected to take any action to rectify their conduct in Mr. Ibrahim's case until Mr. Ibrahim filed a motion for sanctions. The government now audaciously asks this court to waive a wand and pretend that none of the above happened, to erase a lie from an indictment, without prejudice, without repercussions, and without explanation. This is unacceptable, especially in light of the fact that the false statement about the Vice President-elect is not the only false statement made by the government to the Grand Jury in Mr. Ibrahim's case. See ECF. No 49, Defendant's Motion to Dismiss Count Four of the Indictment.

Moreover, the government asks this court to amend the Indictment under case law that is intended to allow the government to *strike* superfluous language "unnecessary to an offense." *United States v. Miller*, 471 U.S. 130, 144 (1985). In this case, the government is not just seeking to *strike* language, the government is also seeking to *amend* the language — "the government requests that the Court amend the reference to 'where the Vice President and Vice President-elect were temporarily visiting' to 'where the Vice President was temporarily visiting.'" And, the language the government asks this court to amend is indispensable to the offense — it is *an element of the offense*. Only allegations that "may normally be treated as 'a useless averment'" may be struck by a court. *Ford v. United States*, 273 U.S. 593, 602 (1927).

The amendments sought by the government cannot be granted without the defendant's waiver of his Fifth Amendment right to have a Grand Jury review the government's allegations. See U.S. Const. Amend. V. Mr. Ibrahim does not waive this constitutional right, unlike the other January 6 defendants in the cases relied upon by the government in support of their request.

For all of these reasons, the Defense asks this court to deny the government's motion and to grant the defendant's motion, ECF No. 47.

Respectfully submitted,

By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

I hereby certify that on September 6, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.

