UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **V.** ) | CASE NO: 1:21-CR-496 |
| ) | |
| **MARK IBRAHIM,** ) | Hearing: 10/7/2022 at 10:00 AM |
| ) | |
| DEFENDANT. ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**

In ECF No. 48, Defendant argued to dismiss Count Three of his Indictment, with a portion of his argument relying heavily on the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

On September 19, 2022, the United States District Court for the Western District of Texas issued an Opinion relying primarily on *Bruen* and outlining proper legal analysis under *Bruen*. *United States v. Jose Gomez Quiroz*, Case 4:22-cr-00104-DC, ECF. No. 82 (September 19, 2022). The *Quiroz* decision explains that the "Supreme Court's ruling in *Bruen* changed the applicable framework for analyzing firearm regulations under the Second Amendment," and that the constitutionality of the questioned federal law must be reviewed under the framework outlined in *Bruen* — "the threshold question is whether the Second Amendment's plain text covers Defendant's conduct."

*Quiroz* outlined the court's analysis under Bruen as follows: "*Bruen's* first step asks a strictly textual question: does the Second Amendment's plain text cover the conduct? … Next,

the Government must justify its regulation through a historical analysis. To do so, the Government's historical inquiry must show that [the relevant federal law] is consistent with the historical understanding of the Second Amendment."

As outlined in Mr. Ibrahim's memorandum in ECF. No 48, the Government cannot meet this burden. In the Government's response in ECF No. 54, the Government does not attempt to meet this burden.

The District Court in *Quiroz* dismissed the defendant's conviction under a firearm law codified in the 1960s, around the same time as the law in Mr. Ibrahim's case, holding that the law is unconstitutional, explaining:

> The Second Amendment is not a 'second class right.' No longer can courts balance away a constitutional right. After *Bruen*, the Government must prove that laws regulating conduct covered by the Second Amendment's plain text align with this Nation's historical tradition. The Government does not meet that burden.
>
> Although not exhaustive, the Court's historical survey finds little evidence that § 922(n) —which prohibits those under felony indictment from obtaining a firearm—aligns with this Nation's historical tradition. As a result, this Court holds that § 922(n) is unconstitutional.

(Internal citations omitted.)

The defendant submits the *Quiroz* decision as newly released supplemental authority in support of his argument for dismissal. See Exhibit A.

Respectfully submitted,
By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC

916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

  I hereby certify that on September 20, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

             /s/
           Marina Medvin, Esq.