UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>V. )<br>)<br>MARK IBRAHIM, )<br>)<br>DEFENDANT. )<br>) | CASE NO: 1:21-CR-496 |

**MOTION TO DISMISS COUNT THREE OF THE INDICTMENT
BASED ON LAWFUL AUTHORIZATION BY THE CAPITOL POLICE BOARD**

Defendant moves for dismissal of Count Three of the Indictment pursuant to Fed. R. Crim. P. 12(b)(1).

Mr. Ibrahim, at all times material, a federal law enforcement agent employed by the Drug Enforcement Administration, had lawful authority, pursuant to regulations prescribed by the Capitol Police Board, to carry his firearm on Capitol Grounds. The allegation of Mr. Ibrahim's presence with a firearm on Capitol Grounds is thus exempt from prosecution under federal laws prohibiting firearm carry on Capitol Grounds.

**I. Factual Background**

On January 6, 2021, Mark Ibrahim attended the political protest in front of the United States Capitol Building in the District of Columbia. Mr. Ibrahim never entered the Capitol Building. After he observed some of the protesters becoming unruly and acting disrespectfully towards the law enforcement officers who were on duty at the event, Mr. Ibrahim folded up his

flags to disassociate himself from the protesters. Mr. Ibrahim caused no trouble for any officer at this protest, instead defending law enforcement from outraged protesters.

Mr. Ibrahim was criminally charged for being armed on Capitol Grounds under 40 U.S.C. § 5104(e)(1)(A)(i) (Count Three) and 18 U.S.C. § 1752(b)(1)(A) (Count One) — amongst two other charges, one of which was dismissed on October 27, 2022.

Although off duty at the time of the alleged offense, Mark Ibrahim was employed as a DEA agent on January 6, 2021. Prior to his presence in Washington DC, Mr. Ibrahim was issued a badge, firearm, and credentials by the DEA. In compliance with the DEA Agent's Manual, and per his training, Mr. Ibrahim was in possession of his department-issued firearm, badge, and credentials when he attended the outdoor protest on January 6.

Pursuant to 21 U.S.C. § 878, DEA federal law enforcement officers are authorized to carry firearms, without limitation to official duty. DEA agents, thus, have the right to carry firearms off duty. D.C. Code § 22–4505 permits federal police officers, who are otherwise authorized, to carry firearms in the District of Columbia. DEA agents thus have the right to carry firearms, while off duty, in Washington DC.

The *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons* (October 31, 1967) exempts "employees of the United States authorized by law to carry firearms" and "duly appointed federal, state or local law enforcement officers authorized to carry firearms" from the federal laws that prohibit possession of firearms on Capitol Grounds.

The DEA Agents Manual § 6122.11(B) goes even further and *requires* their agents to maintain access to firearms while off duty, stating that DEA agents are "***required* to be available**

**for duty with little or no advance notice**" and "***must have ready access* to their firearm in the event that they are recalled to duty**." Mr. Ibrahim was in compliance with this DEA agent requirement on January 6, 2021.

Mr. Ibrahim's authorized carry of a firearm in Washington DC and on Capitol Grounds, as an employee of the United States and an officer of the United States, is exempt from federal laws prohibiting firearm carry on Capitol Grounds.

## II. Argument

Federal Rule of Criminal Procedure 12(b)(1) provides that a defendant may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."  See *United States v. Yakou*, 428 F.3d 241, 246 (D.C. Cir. 2005); *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) ("Dismissals under this exception are not made on account of a lack of evidence to support the government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted.").

The defendant is presenting undisputed evidence that he was a federal law enforcement officer and employee of the United States government who was lawfully authorized to carry a firearm, at all times material, and argues that he is exempt, as a matter of law, from prosecution under 40 U.S.C. § 5104(e)(1)(A)(i), charged in Count Three of the Indictment. As such, this matter is justiciable prior to trial in a motion to dismiss under Fed. R. Crim. P. 12(b)(1).

**a)** *The Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons (October 31, 1967)*

In direct response to Congress passing new firearm laws on Capitol Grounds in 1967 (see ECF No. 48 and ECF. No. 59 for a complete discussion), the Capitol Police Board promulgated the *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons*. See Exhibit A. According to the latest promulgation by the Capitol Police Board, dated February 17, 2019, the *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons,* originally promulgated on October 31, 1967, is still in effect. [1] A letter from Senate Majority Leader Steny Hoyer to the Sergeant-at-Arms, dated April 27, 2022, confirms that the 1967 authorizations remain in effect.[2]

Dated October 31, 1967, the *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons* states in relevant part:

> Pursuant to the authority vested in it by the Act of July 31, 1946, as amended by the Acts of July 11, 1947 and October 20, 1967 (40 U.S.C. 193a et seq.; D.C. Code 9-118 et seq.), the Capitol Police Board hereby issues the following regulations with respect to firearms, dangerous weapons, explosives and incendiary devices in order to preserve safety and order within the Capitol Buildings and Grounds… the provisions of section 6(a)(1)(A) of the Act, as amended relating to the carriage of firearms shall not apply to officers or employees of the United States authorized by law to carry firearms, duly appointed federal, state or local law enforcement officers authorized to carry firearms…"

The Capitol Police Board's authorization for officers to *carry firearms* does not limit permissive carry to official duty. (Compare to Paragraph 3 of the authorization, which limits the *use of firearms* to officers on duty.) Thus, federal law enforcement agents, even off duty, are

---

[1] Available at https://www.uscp.gov/sites/uscapitolpolice.house.gov/files/wysiwyg_uploaded/US Capitol Grounds Traffic Regulations_Amended February 2019.pdf

[2] Available at https://www.majorityleader.gov/sites/democraticwhip.house.gov/files/SAA GUNS IN THE CAPITOL LETTER 4-27-2022.pdf

exempted by this authorization and may carry firearms on Capitol Grounds.

The referenced authority, "the Act of July 31, 1946, as amended by the Acts of July 11, 1947 and October 20, 1967 (40 U.S.C. 193a et seq.; D.C. Code 9-118 et seq.)" is the prior version of 40 U.S. Code Chapter 51, which recodified without change, 40 U.S.C. 193*a et seq.* See Pub. L. 107–217, Aug. 21, 2002, 116 Stat. 1176. See also Exhibit B (Section 6 of the Act of July 31, 1946) and Exhibit C (40 U.S.C. 193f, the 1967 amendment to the Act of July 31, 1946).

As a DEA federal agent, Mr. Ibrahim was permitted to carry a firearm on Capitol Grounds by the Capitol Police Board, even off-duty.

### b. Legal Exemption From Prosecution Under 40 U.S.C. § 5104(e)(1)(A)

The *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons* (October 31, 1967) is the legal exemption from prosecution

under 40 U.S.C. § 5104(e)(1)(A), which prefaces the list of firearm prohibitions with the words: "except as authorized by regulations prescribed by the Capitol Police Board."

Mark Ibrahim was employed as a DEA agent on January 6, 2021. In compliance with his agency's rules and regulations, and as permitted by the Capitol Police Board, Mr. Ibrahim was in possession of his firearm when he attended the outdoor protest on January 6, in an area the government has described as Capitol Grounds.

Mr. Ibrahim, who falls squarely into the exception carved out by the Capitol Police Board and by 40 U.S.C. § 5104(e)(1)(A), is, therefore, exempt from prosecution under this law.

Count Three of the Indictment must consequently be dismissed.

**III. Conclusion**

Mr. Ibrahim cannot be prosecuted under 40 U.S.C. § 5104(e)(1)(A)(i) as he is exempted by 40 U.S.C. § 5104(e)(1)(A) and the *Police Board Regulations Pertaining to Firearms, Explosives, Incendiary Devices, and Other Dangerous Weapons* (October 31, 1967).

        Respectfully submitted,

        By Counsel:

        _____/s/_____
        Marina Medvin, Esq.
        *Counsel for Defendant*
        MEDVIN LAW PLC
        916 Prince Street
        Alexandria, Virginia 22314
        Tel: 888.886.4127
        Email: contact@medvinlaw.com

## **CERTIFICATE OF SERVICE FOR CM/ECF**

      I hereby certify that on November 2, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

                                                    _____/s/_____
                                           Marina Medvin, Esq.