UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No. 1:21-cr-00496-TJK-1 |
| | : | |
| | : | |
| **MARK S. IBRAHIM** | : | |
| | : | |
| Defendant. | : | |

NOTICE OF SUPPLEMENATL AUTHORITY IN OPPOSITION TO MOTION TO
DISMISS THE INDICTMENT – CLAIM
OF LAWFUL AUTHORIZATION [ECF No. 61]

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the attached supplemental authority in opposition to defendant Mark Ibrahim's Motion to Dismiss Count Three of the Indictment based upon his claim that he "had lawful authority, pursuant to regulations prescribed by the Capitol Police Board, to carry his firearm on Capitol Grounds." ECF No. 61, pg. 1.

Subsequent to the government's filing on November 16, 2022 (ECF No. 62), the government became aware of the case *United States v. Pritchett*, 470 F.2d 455, 459 (D.C. Cir. 1972). In that case, the District of Columbia Circuit Court of Appeals held that:

> Second, had the drafters of the statute intended the phrase "when on duty" to modify the earlier portion of the Act referring to deputy jail wardens, they could have left the statute the way it was or omitted the "or" preceding members of the "Army, Navy, or Marine Corps," etc., and inserted a comma before the phrase "when on duty" so as to separate it from the clause immediately preceding. That Congress did not do so indicates an intent to change the prior law so that the "when on duty" limitation would not apply to "marshals, sheriffs, prison or jail wardens," etc. This conclusion is particularly supported by the fact that this same technique of separating by "or" the groups which Congress intended to treat separately is followed elsewhere in this section in instances where it is obvious that Congress intended separate treatment. These separate groups in section 22-3205, each of which is separated by a disjunctive "or," and treated separately include: (a) marshals, sheriffs, jail wardens and other law enforcement officers; (b) military personnel; (c) personnel or organizations authorized to receive weapons from the United States; (d) officers or employees of the United States; (e) firearms manufacturers and dealers and those who repair firearms; (f) purchasers and owners carrying firearms for legitimate

reason.

*See Pritchett*, 470 F.2d at 459, attached as Exhibit A.   It is clear, the government suggests, that the structure of the Capitol Police Board Regulation governing the exemption from 40 U.S.C. § 5104(e)(1)(A)(i), when analyzed in accordance with *Pritchett*, demonstrates that the Police Board's exemption is only for those authorized officers "*while engaged in the performance of their duties*."

Moreover, the government draws the Court's attention to page 29391 of the Congressional Record from the House debate concerning the amendment of 40 U.S.C. § 5104(e)(1)(A)(i):

> The committee expects that the Capitol Police Board in the exercise of this regulatory authority will, to the extent appropriate, exempt Members of Congress from these provisions, as well as officers and members of the Armed Forces, National Guard, Secret Service, FBI, and other police officers engaged in the performance of their official duties.

Cong. Rec. 29391, October 19, 1967, *see also* ECF No. 54-1, attached as Exhibit B.

WHEREFORE, the government respectfully requests that this Court deny Defendant's motion to dismiss.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By:         /s/
James D. Peterson
Trial Attorney
United States Department of Justice
Special Assistant United States Attorney – D.C.
VA Bar 35373

        1331 F Street N.W.
        6th Floor
        Washington, D.C. 20530
        (202) 353-0796
        James.d.peterson@usdoj.gov