UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>v.<br><br>**MARK IBRAHIM**,<br><br>        Defendant. | )<br>)<br>)<br>) Criminal Case No: **1:21-cr-496**<br>)<br>)<br>)<br>) |

### NOTICE OF SUPPLEMENTAL AUTHORITY
### AND MOTION TO RECONSIDER

    Defendant hereby notifies the Court of recent *supplemental authority* from the United States District Court in the Western District of Texas in support of Defendant's Motion to Dismiss Count Three of the Indictment, ECF No. 48, and asks this court to reconsider its partial ruling on Defendant's Motion to Dismiss Count Three.

    In *United States v. Perez-Gallan*, the Court looked at a federal criminal firearms statute that prohibits possession by any person who is subject to a particular court order, 18 U.S.C. § 922(g)(8), under the lens of *Bruen*. *United States v. Perez-Gallan*, No. 22-CR-00427-DC (W.D. Tex. Nov. 10, 2022).[1] Since "the Second Amendment's 'keep and bear arms' language plainly encompasses possession," the court opined, the next step was to review the historical evidence to support such a restriction. *Id*. The court reviewed the relevant dates of legislation enaction and observed that the § 922(g)(8) restriction on possession was "a recent legal invention," from the 1990s. *Id*. The court concluded that "the Government did not prove that § 922(g)(8) aligns with

---

[1] Avilable at https://scholar.google.com/scholar_case?case=15051726330684619023.

this Nation's historical tradition of firearm regulation and declines the Government's invitation to insert its own public policy concerns rather than following *Bruen*. As a result, the Court holds that § 922(g)(8) is unconstitutional under *Bruen's* framework." *Id*.

The decision in *Perez-Gallan* is consistent in its reasoning with *United States v. Quiroz,* No. PE:22-CR-00104-DC, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022)[2], previously supplied to this court in ECF No. 57.

Similar to the statute in *Perez-Gallan*, the statute at issue in Mr. Ibrahim's case, 40 U.S.C. § 5104(e)(1)(A), was enacted in 1967, and there is no historical tradition of firearm regulation in this Nation for possession of firearms on Capitol Grounds. The government argued public policy in support of its position. Yet, firearm possession on Capitol Grounds was *permitted* through 1967. See 40 U.S.C. §193f (1946); ECF No. 48, p. 19-20. And, public policy is irrelevant to the consideration of the legal issue at hand.

This Court's reasoning that Capitol Grounds are a "sensitive place" that renders analysis under *Bruen* unnecessary is erroneous because the "sensitive place" characterization is inapplicable to Section 5104(e)(1)(A) — which is not limited to just "government buildings" — the exception mentioned as *dicta* in *Heller,* on which this Court relied. *See* ECF No. 59, pp. 12-15 (outlining the argument against "sensitive place" designation because 5104(e)(1)(A) is not limited to "government buildings").

Constitutional analysis of Section 5104(e)(1)(A) under *Bruen* renders this law void.

For these reasons and those set out in Mr. Ibrahim's prior pleadings, Defendant's Motion to Dismiss Count Three should be granted.

---

[2] Available at https://scholar.google.com/scholar_case?case=5746619697092384403.

Respectfully submitted,
By Counsel:

/s/
_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

## CERTIFICATE OF SERVICE FOR CM/ECF

I hereby certify that on December 21, 2022, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/
_____
Marina Medvin, Esq.