UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:21-cr-00496-TJK-1 |
| : | |
| : | |
| MARK S. IBRAHIM : | |
| : | |
| Defendant. : | |

**OPPOSITION TO MOTION FOR RECONSIDERATION [ECF No. 66]**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendant Mark Ibrahim's Motion for Reconsideration of its order denying in part the Motion to Dismiss Count Three of the Indictment. The motion provides no new controlling authority not previously considered by the Court.

A motion for reconsideration is available only "as justice requires." *See United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). And a court should grant a motion to reconsider only if it "finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996); *see also Cruz v. Fed. Election Comm'n*, No. 19-cv-908 (NJR) (APM) (TJK), 2020 WL 7699951, at *1 (D.D.C. Apr. 24, 2020) (articulating similar "as justice requires" standard for a motion to reconsider: "(1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error in the first order") (internal quotation marks and citation omitted). Ibrahim does not address this standard, only arguing that for the reasons stated in his pleading "and those set out in Mr. Ibrahim's prior pleadings, Defendant's Motion to Dismiss Count Three should be granted." ECF No. 66, pg. 2.

A motion for reconsideration should not be used or seen as an opportunity to relitigate previously ruled upon issues, including "arguments that could have been, but were not, raised previously and arguments that the court has already rejected." *United States v. Booker*, 613 F. Supp. 2d 32, 34 (D.D.C. 2009).  Motions for reconsideration are subject to the "sound discretion of the trial court." *United States v. Haassanshahi*, 145 F. Supp 3d at 80 (*quoting United States v. Trabelsi*, Crim. No. 60-89, 2015 WL 5175882, at *2 (D.D.C. Sept. 3, 2015)). The moving party bears the burden of demonstrating that reconsideration is appropriate

The Court fully considered Ibrahim's Second Amendment arguments contained in his original filing.  *See* ECF Nos. 48, 54, and Minute Order dated October 27, 2022.  Moreover, although the case relied upon by the defendant in his motion for reconsideration, *United States v. Perez-Gallan*, No. 22-CR-00427-DC (W.D. Tex. Nov. 10, 2022), postdates this Court's order, it is from the same Court, and consistent with, a prior decision provided to the Court prior to its decision. *See* ECF No. 66, pg. 2 (*citing United States v. Quiroz*, No. PE:22-CR-00104-DC, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022)).  Significantly, the authority referenced is not controlling authority for this Court.  The Court has also previously considered, and rejected, the arguments presented by the defendant.  Most importantly, as this Court has pointed out, the Court is bound by the D.C. Circuit's decision in *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019).  Relying on *Heller*, the D.C. Circuit in *Class* rejected a Second Amendment challenge to Section 5104(e)(1), the same provision at issue here. *Class*, 930 F.3d at 463-64. The court held that the part of the Capitol grounds at issue there—the Maryland Avenue parking lot—was "sufficiently integrated with the Capitol" for Heller I's sensitive places exception to apply." *Id*. at 464.  As the Court explained, "[w]ith respect to the Capitol itself, there are few, if

any, government buildings more 'sensitive' than the national legislature at the very seat of its operations." *Id*. at 463 (quotation omitted).   The Court should deny the motion for reconsideration.

  WHEREFORE, the government respectfully requests that this Court deny Defendant's motion for reconsideration.

                Respectfully submitted,

                MATTHEW M. GRAVES
                UNITED STATES ATTORNEY
                DC BAR NO. 481052

    By:       /s/
                James D. Peterson
                Trial Attorney
                United States Department of Justice
                Special Assistant United States Attorney – D.C.
                VA Bar 35373
                1331 F Street N.W.
                6th Floor
                Washington, D.C. 20530
                (202) 353-0796
                James.d.peterson@usdoj.gov