UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | Criminal No. 1:21-cr-00496-TJK-1 |
| : | |
| : | |
| **MARK S. IBRAHIM** : | |
| : | |
| **Defendant.** : | |

## MOTION FOR PRIVACY ACT DISCLOSURE ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court for an order, pursuant to 5 U.S.C. § 552a(b)(11), authorizing the government to produce to all parties to this litigation responsive hard copy documents and electronically stored information that may be considered a "record which is contained in a system of records" for purposes of the Privacy Act.   In support of this motion, the United States makes a request of the Court for an order for disclosure under 5 U.S.C. § 552a(b)(11).[1]   The defendant has maintained that his presence with a DEA issued firearm at the riots at the United States Capitol on January 6, 2021 was "authorized."   *See* ECF No. 61, pg. 2, ECF No. 21, pg. 9.   This claim is contradicted and disputed by the United States Capitol Police as well as the DEA itself.   *See* ECF No. 62, Exhibits B and C. The government notes that the criminal discovery in this case is covered by a protective order.   *See* ECF No. 10.   The defendant was a probationary employee with the DEA on January 6, 2021 who had been

---

[1] The government has separately made a request for the production of the defendant's DEA Personnel records directly to the DEA under 5 U.S.C. § 552a (b)(1), (b)(3), and (b)(7).   The government notes that well recognized exceptions under 5 U.S.C. § 552a (b)(1), (b)(3), and (b)(7) exempts the U.S. Attorney's Office for the District of Columbia under the circumstances here from the non-disclosure provisions of the Privacy Act.   Nevertheless, for transparency purposes, and notice purposes to the defendant, the government separately makes this request of the Court for an order for disclosure under 5 U.S.C. § 552a(b)(11).

repeatedly chided for his violations of DEA policies and procedures. Based upon interviews with the defendant's supervisors which have been produced in discovery, as well as court filings, the defendant's DEA records, including his personnel records, will demonstrate that the defendant did not, and could not have, thought that he was authorized to be on Capitol grounds with a weapon as an off-duty DEA officer.

## FACTUAL BACKGROUND

The defendant maintains that in "accordance with the DEA Agent's Manual, and per his training, Mr. Ibrahim was in possession of his firearm, badge, and credentials when he attended the protest on January 6." ECF No. 48, pg. 4. This statement is contradicted by the DEA itself. *See* ECF No. 62, Exhibit C. Moreover, the defendant's claim is contradicted by information provided by the defendant's DEA field training officer and his DEA direct supervisor. Those statements have been produced in discovery. Further, the defendant has acknowledged in separate pleadings that "On November 18, 2020, Group Supervisor ("GS") of the FTA Program Eastman, FTA Miles, and Assistant Special Agent in Charge ("ASAC") Steffick met with Mr. Ibrahim to discuss what Mr. Ibrahim could further improve upon and notified Mr. Ibrahim that he would be allotted more time for learning and more time for FTA Miles to work with him in order to make him a successful agent." *See Ibrahim v. U.S. Department of Justice*, Case No. 8:22-cv-00813-DOC-KES (C.D. CA) ECF No. 1, pg. 4. That acknowledgement affirms that he was removed for "his poor performance during his probationary period of employment." *Ibrahim v. U.S. Department of Justice*, Case No. 8:22-cv-00813-DOC-KES (C.D. CA) ECF No. 30, pg. 2-3. As discussed by his GS and FTA, that poor performance includes violations of DEA policies and procedures. Moreover, the defendant had

2

no investigative duties and was not to participate in any law-enforcement activities following his resignation on or about December 4, 2020.   Any cover or support for any other law-enforcement at the Capitol on January 6, 2021 would have required administrative approval at a level higher than the defendant's own supervisor, approval he never sought.

## ARGUMENT

"The [Privacy Act] provides that '[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record' falls within one of twelve enumerated exceptions." *Vinzant v. United States*, No. 2:06-CV-10561, 2010 WL 2674609, at *6 (E.D. La. June 30, 2010 (citing 5 U.S.C. § 552a). A document or information is a "record" for purposes of the Privacy Act if it is "both (1) 'about' the individual and (2) linked to that individual by name or identifying particular." *Pierce v. Dep't of U.S. Air Force*, 512 F.3d 184, 188 (5th Cir. 2007). Because of the breadth of this definition, a potentially large number of documents fall under the Privacy Act definition of "record."

The United States is fully aware that as a general matter, "the Privacy Act does not create any privilege against discovery and that . . . the relevancy standard of Fed. R. Civ. P. 26(b) governs the court's discretion in ordering disclosure of government records." *Stiward v. United States*, No. CIV.A. 05-1926, 2007 WL 2417382, at *1 (E.D. La. Aug. 24, 2007) (citing cases).

"It is well-settled in this circuit that general statutory bans on publication do not bar limited disclosure in judicial proceedings, including court-supervised discovery."   *Laxalt v. McClatchy*, 809 F.2d 885, 889 (D.C. Cir. 1987).   Therefore, a party can invoke discovery of

3

materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP.  *Id*.  Such traditional devices as protective orders offer reliable means with which to give effect to liberal discovery principles without threatening the interests protected by statutory publication bans.  *Id*.  The government notes that there is a protective order in place in this case.  Here, the information in the possession of the DEA is relevant because the defendant has made repeated claims that he was authorized to act in the manner he acted on January 6, 2021 in "accordance with the DEA Agent's Manual, and per his training." ECF No. 48, pg. 4.

    1.    **Information producible without a Court order**

As previously discussed, the government has separately made a request for the production of the defendant's DEA Personnel records directly to the DEA under 5 U.S.C. § 552a (b)(1), (b)(3), and (b)(7).  The DEA, the OIG, and the USAO-DC are all offices under the umbrella of the Department of Justice.  Further, the government has requested the defendant's own records, not that of a third party.  Section (b)(3) of the Privacy Act enables agencies to disclose Privacy Act-protected records "for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D)." 5 U.S.C. § 552a(b)(3). Subsection (a)(7) defines a routine use as "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected," and subsection (e)(4)(D) requires the publication of each routine use in a System of Records Notice (SORN).  Applicable SORNs permit at least three "routine uses" applicable here:

- o (k) To disclose pertinent information to the appropriate Federal, State, or local agency responsible for investigating, prosecuting, enforcing, or implementing a

     statute, rule, regulation, or order, when the disclosing agency becomes aware of an indication of a violation or potential violation of civil or criminal law or regulation;

- (p) To disclose information to another Federal agency, to a court, or a party in litigation before a court or in an administrative proceeding being conducted by a Federal agency, when the Government is a party to the judicial or administrative proceeding; or

- (q) To disclose information to the Department of Justice, or in a proceeding before a court, adjudicative body, or other administrative body before which the agency is authorized to appear, when:
  - The agency, or any component thereof; or
  - Any employee of the agency in his or her official capacity; or
  - Any employee of the agency in his or her individual capacity where the Department of Justice or the agency has agreed to represent the employee; or
  - The United States, when the agency determines that litigation is likely to affect the agency or any of its components, is a party to litigation or has an interest in such litigation, and the use of such records by the Department of Justice or the agency is deemed by the agency to be relevant and necessary to the litigation provided, however, that in each case it has been determined that the disclosure is compatible with the purpose for which the records were collected.

Furthermore, Section (b)(7) of the Privacy Act enables agencies to disclose records "to another agency or to an instrumentality of any governmental jurisdiction within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law, and if the head of the agency or instrumentality has made a written request to the agency which maintains the record specifying the particular portion desired and the law enforcement activity for which the record is sought."  5 U.S.C. § 552a(b)(7).  This exception is most often asserted where one government agency has provided records to another government agency, and not in the context of an intra-agency request.

Further, records disclosed by the defendant, or disclosed in a proceeding, would obviously not be covered by the Privacy Act. On April 1, 2021, the defendant submitted to the Merit Systems Protection Board ("MSPB") an appeal of the DEA's personnel action or decision. The MSPB "is an independent quasi-judicial agency established in 1979 to protect federal merit systems against partisan political and other prohibited personnel practices and to ensure adequate protection for federal employees against abuses by agency management." *See* https://en.wikipedia.org/wiki/United_States_Merit_Systems_Protection_Board. On August 10, 2021, an Administrative Judge of the Western Regional Office of the MSPB issued an initial decision dismissing Mr. Ibrahim's appeal. *See* Motion to Dismiss, *Ibrahim v. U.S. Department of Justice*, Case No. 8:22-cv-00813-DOC-KES, ECF No. 30-2. Based upon those publicly filed records, the Department of Justice collected records concerning the defendant's conduct and performance for that adversarial hearing. Those records are not private or protected by the Privacy Act. Moreover, the defendant has waived any objection to the contents of his DEA records by filing suit against the DEA for his discharge. *See Porter v. Pinkerton Gov't Servs.*, 304 F.R.D. 24 (D.D.C. 2014) ("Under District of Columbia law, a 'patient may waive or be deemed to have waived the physician-patient privilege . . . by filing a lawsuit which places in issue the patient's medical condition'"). The defendant also may not have standing to object to any disclosure by the DEA to the DOJ. *See Laxalt v. McClatchy*, 809 F.2d at 891 (A litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties").

WHEREFORE, the government respectfully requests that this Court issue an order, pursuant to 5 U.S.C. § 552a(b)(11), authorizing the government to produce to all parties to this litigation responsive hard copy documents and electronically stored information that may be considered a "record which is contained in a system of records" for purposes of the Privacy Act, including but not limited to the defendant's DEA personnel file.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052

By:  /s/ James Peterson
James D. Peterson
Trial Attorney
United States Department of Justice
Special Assistant United States Attorney – D.C.
VA Bar 35373
1331 F Street N.W.
6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov

/s/ Nathaniel K. Whitesel
Nathaniel K. Whitesel
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759