UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| V. ) | CASE NO: 1:21-CR-00496 |
| ) | |
| **MARK S. IBRAHIM,** ) | |
| ) | |
| DEFENDANT. ) | |

**DEFENDANT'S REPLY IN OPPOSITION TO
GOVERNMENT'S MOTION FOR A PRIVACY ACT DISCLOSURE**

In ECF No. 73, the Government requests a court in the District of Columbia, which is overseeing a criminal case against Mark Ibrahim, to disclose documents or information related to a civil case that is pending before the Central District of California— claiming that this request relates to Mr. Ibrahim's Motion to Dismiss his Indictment in the District of Columbia.

This court does not have unlimited authority to consider and grant requests on just any issue related to a defendant who is forced before this court to answer for criminal charges. Knowing this, the Government attempts to craft a nexus by claiming relevance to the case styled above via an allegation of pleading contradictions. Yet, **the Government's allegations are false and misleading, and entirely irrelevant to the matters that are before this court**. Moreover, the Government's motion, filed February 3, 2023, is also barred by this Court's Oral Order issued on November 11, 2022, that all motions related to the dismissal of the Indictment are due by December 21,

2022.

The issue pending before this court is whether Mr. Ibrahim had the legal authority to possess a firearm on Capitol Grounds under a statute that allowed the Capitol Police Board to draft regulations permitting possession for certain individuals who met specified criteria. This issue has been fully briefed by both parties within the time confines ordered by this court. The parties are now awaiting a hearing on the issue.

A month and a half after the pleading deadline expired, the Government filed a new motion seeking to review additional evidence for purposes of this argument. The evidence sought, however, has **zero bearing on the question presented to the court**, and this court in the District of Columbia lacks the authority to grant this request. What the Government seeks is Mr. Ibrahim's employment personnel files from the DEA. The question before the criminal court in the District of Columbia does not evoke the details of the Government's satisfaction with Mr. Ibrahim's work performance prior to or after January 6, 2021 in California. The question before this court is whether Mr. Ibrahim was employed by the Government on January 6, 2021. *Period*. The Government had answered this in the affirmative on the record. In ECF No 62, p.4, the Government conceded that Mr. Ibrahim "was an officer of the United States" at all times material. The pleadings in California cited by the Government also confirmed that Mr. Ibrahim was an employee of the United States at all times material. The question has been answered and needs no further inquiry.

Ignoring its own admissions on the record, the Government has now in two separate pleadings, in responding to Mr. Ibrahim's Motion to Dismiss, put forward the idea that Mr. Ibrahim's work performance was criticized by his supervisors, as the Government had argued in

response to a civil lawsuit pending in California, and that this has a bearing on Mr. Ibrahim's motion in the District of Columbia. It does not. And, **this claim is not supported by any pleadings cited by the Government, which deal with the Government's discipline of its employee, Mark Ibrahim, beginning on January 7, 2021, *after* the day in question**. The Government also appears to argue that Mr. Ibrahim's supervisors in California disagree with the defendant's proposed construction of the law in this criminal case in the District of Columbia. Yet, as Defendant had already responded in ECF No. 63, the self-serving opinion of a bureaucrat is irrelevant to the question of legal construction. The Government's claims in ECF No. 73 serve to mislead this court.

  The DEA did not terminate Mr. Ibrahim's employment and did not confiscate his credentials, badge, or firearm prior to or on January 6, 2021. Mr. Ibrahim remained employed and subject to the legal privileges of a DEA employee. Mr. Ibrahim was a federal law enforcement officer, as well as an employee of the United States. He was both authorized by his department to carry firearms, see DEA Agents Manual § 6122.11(B), and authorized by law to carry firearms — namely, 21 U.S.C. § 878, which states that DEA federal law enforcement officers are authorized to carry firearms, and D.C. Code § 22–4505, which permits federal police officers who are otherwise authorized to carry firearms to do so in the District of Columbia. Mr. Ibrahim was in lawful possession of his firearm on the day in question. The Government does not argue this point. Instead, the Government obfuscates and alleges that his supervisors, in being interviewed *ex post facto* for the purposes of defending a lawsuit in California, appear to claim they would not have wanted Mr. Ibrahim to perform any duties in the District of Columbia. This claim is not supported by any pleadings cited by the Government. And, it is entirely

irrelevant to the legal issues before this court. As already stated by the defendant in ECF No. 63 in response to the Government invoking this very issue: "This is irrelevant to the issue raised by the defense, which is that Mr. Ibrahim was exempt because he was authorized to carry firearms. Since he is not claiming exemption under the Armed Forces clause… there is no need to discuss the issue of duty and assignments." This criminal case invokes analysis of the law, not the biased opinions of managers protecting their interests amid a civil lawsuit.

The Government's request before *this court* is intended to insult Mr. Ibrahim and to prejudice this court against Mr. Ibrahim. It has no other connection to this criminal case. And the Government's choice to file this request in the District of Columbia instead of in the Central District of California, where the employment issues are actually pending, is rather telling.

For these reasons, Mr. Ibrahim invokes each and all privacy protections and restrictions on the sought information reserved for him under all relevant laws and protections afforded by the courts. Mr. Ibrahim reserves all of his rights with respect to any records or information sought by the Government. The Government's arguments in favor of disclosure, citing sources like Wikipedia, employment law, medical privilege waivers, and rights of third parties, are entirely irrelevant to their (also irrelevant) request. The statute cited by the government, 5 U.S.C. § 552a, is inapplicable to this situation and request. The Government's entire memorandum is some kind of farce, begging this court for the imposition of sanctions, and, at a minimum, bolstering the defendant's forthcoming Motion for Reconsideration of his Motion to Discovery of Selective Prosecution.

The Government's Motion should be denied as untimely, the request as entirely irrelevant, the venue as improper, and the allegations as highly prejudicial.

Respectfully submitted,
By Counsel:

_____/s/_____
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

### CERTIFICATE OF SERVICE FOR CM/ECF

    I hereby certify that on February 10, 2023, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

_____/s/_____
Marina Medvin, Esq.