## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Criminal No. 1:21-cr-00496-TJK-1** |
| | **:** | |
| | **:** | |
| **MARK S. IBRAHIM** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

### REPLY TO RESPONSE - PRIVACY ACT DISCLOSURE

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, files this reply to the defendant's response to the government's request

for a Privacy Act Disclosure Order, and the government's notice that it is separately obtaining

Privacy Act Documents from the DEA.

The government's motion and notice is not a motion to dismiss, nor is it related to, or in

opposition to, the previously filed motions to dismiss.    The government agrees with the defense

that the motion and notice filed with the Court (ECF No. 73) "has zero bearing on the question

presented to the court" in the defendant's previously filed motion to dismiss.    *See* ECF No. 74,

pg. 2.    Rather, the motion and notice is a separate matter that relates to evidentiary material in

preparation for trial.[1]  Based upon interviews with the defendant's former Group Supervisor and

Field Training Officer, as well as others, the government expects that the DEA's Personnel file

for the defendant will help to reveal, at a minimum, other individuals who have specific

knowledge of the defendant's institutional misconduct and admonishments that would

demonstrate that the defendant could not, and did not, have any belief that he could act in a

---

[1] The government anticipates, based upon interviews provided in discovery, that the information provided may be admissible at trial.   The government does not yet possess that information, but to the extent that any of it is relevant and admissible, the defense has other vehicles through which he may object to its evidentiary use.

pseudo, or quasi, law-enforcement capacity when he was on Capitol grounds with a loaded firearm on January 6, 2021.

The defendant also does not argue or claim that the defendant's DEA Personnel file are non-disclosable to the government, either through the vehicle of a Court order under the provisions of 5 U.S.C. § 552a(b)(11) or separately via an intra-Department (DOJ) request under the provisions of 5 U.S.C. § 552a (b)(1), (b)(3), and (b)(7).    In fact, the defendant's opposition is devoid of any reference to any specific provision or the Privacy Act, or any case law, that would suggest that the government cannot obtain the information sought.    Rather, the defendant mistakenly tries to characterize the government's motion and notice as some further pleading in opposition to the defendant's previously filed Motion to Dismiss.    It is not.    As stated, the motion and notice simply seeks the disclosure of the defendant's DEA Personnel file.    As noted in its filing, the government is not even required to seek Court permission for the disclosure of the defendant's Personnel file under the Privacy Act, but did so for transparency reasons.    *See* ECF No. 73, fn. 1. ("for transparency purposes, and notice purposes to the defendant, the government separately makes this request of the Court for an order for disclosure under 5 U.S.C. § 552a(b)(11)").

WHEREFORE, the government respectfully requests that this Court issue an order, pursuant to 5 U.S.C. § 552a(b)(11), authorizing the government to produce to all parties to this litigation responsive hard copy documents and electronically stored information that may be considered a "record which is contained in a system of records" for purposes of the Privacy Act, including but not limited to the defendant's DEA personnel file.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
DC BAR NO. 481052


By:            /s/
           James D. Peterson
           Trial Attorney
           United States Department of Justice
           Special Assistant United States Attorney – D.C.
           VA Bar 35373
           1331 F Street N.W.
           6th Floor
           Washington, D.C. 20530
           (202) 353-0796
           James.d.peterson@usdoj.gov

           */s/ Nathaniel K. Whitesel*
           Nathaniel K. Whitesel
           Assistant United States Attorney
           DC Bar No. 1601102
           601 D Street NW
           Washington, DC 20530
           nathaniel.whitesel@usdoj.gov
           (202) 252-7759