## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Case No. 21-CR-496 (TJK)** |
| v. : | |
| : | |
| **MARK S. IBRAHIM,** : | |
| : | |
| Defendant. : | |

### UNITED STATES' RESPONSE TO THE DEFENDANT'S MOTION FOR ABEYANCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Motion for Abeyance, ECF No. 82. While the government is not opposed to continuing this case and setting an additional future status conference while the Court of Appeals still holds jurisdiction over Count Three, the breadth and form of the defendant's request are improper, and the Court should deny his motion.

The defendant has not provided any authority by which the Court may hold a criminal case in abeyance. Instead, relying on Local Rule of Civil Procedure 16.2, the defendant requests an indefinite delay in this matter because, according to the defendant, the Court no longer has jurisdiction over this case. There are a few key problems with this position. First, this is a criminal case, and the Local Criminal Rules apply—not the Local Civil Rules. Second, even if the defendant intended to refer to the analogue at Local Criminal Rule 57.5, this rule does not support the defendant's request to hold the case in abeyance pending the resolution of his appeal. Instead, the rule provides that "[t]rial proceedings in the Court will yield, and, *if under way*, will be held in abeyance, *during argument* by trial counsel in an appellate court." LCrR 57.5 (emphasis added); *see* LCvR 16.2 (same). In other words, the rule only provides for a brief pause in trial proceedings to accommodate the need for a trial attorney to argue an appeal. The rule does not provide for the

halting of an entire case pending the outcome of an appeal. Third, while the Court of Appeals may hold jurisdiction over Count Three, this Court is not completely divested of *all* jurisdiction in this case. Indeed, a district court is only "divest[ed] . . . of its control over *those aspects of the case involved in the appeal*." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (emphasis added). Therefore, this Court, at a minimum, maintains jurisdiction over the remaining two counts in the indictment.

This is not to say a continuance in this situation would be an unreasonable request. Indeed, while the Court maintains jurisdiction over at least the other two counts, judicial efficiency weighs in favor of proceeding to trial on all three charges at once because Count Three is factually intertwined with the conduct at issue in Counts One and Two. Moreover, the Speedy Trial Act provides that any delay because of the defendant's interlocutory appeal is excluded from the speedy trial clock. *See* 18 U.S.C. § 3161(h)(1)(C) ("The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to— . . . (C) delay resulting from any interlocutory appeal").

There is also a chance that a significant delay resulting from the interlocutory appeal may not occur. On March 27, 2023, the government filed a motion with the Court of Appeals to dismiss the defendant's interlocutory appeal for lack of jurisdiction, *see* Doc. No. 1991807, D.C. Cir. Case No. 23-3037, because this Court's order—a denial of a motion to dismiss Count Three of the indictment—"is not a final order and generally is not appealable[,]" *United States v. Pi*, 174 F.3d 745, 747 (6th Cir. 1999). The defendant has opposed this motion. Had the defendant sought a

continuance to give the Court of Appeals time to rule on this threshold matter, the government would not have opposed such a request.[1]

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion. However, the government does not oppose any related request for a reasonable continuance under the circumstances.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052


/s/ Nathaniel K. Whitesel
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759

/s/ James D. Peterson
JAMES D. PETERSON
Trial Attorney
United States Department of Justice
Special Assistant U.S. Attorney – D.C.
VA Bar 35373
1331 F Street N.W.
6th Floor
Washington, D.C. 20530
(202) 353-0796
James.d.peterson@usdoj.gov

---

[1] The government notes that some "[c]ourts have carved out a few narrow exceptions to" the general rule that an appeal divests the district court of jurisdiction where, *inter alia*, the defendant "takes an interlocutory appeal from a non-appealable order." *United States v. DeFries*, 129 F.3d 1293, 1302–03 (D.C. Cir. 1997). Given that the defendant has opposed the government's motion to dismiss his appeal for lack of jurisdiction, the Court of Appeals should resolve this appealability question in the first instance.