UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-496 (TJK) |
| v. : | |
| : | |
| MARK S. IBRAHIM, : | |
| : | |
| Defendant. : | |

**JOINT STATUS REPORT AND MOTION TO EXCLUDE
TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, and the defendant, by and through his attorney, Marina Medvin, (collectively, "the parties"), respectfully submit this joint status report and motion to exclude time under the Speedy Trial Act, and state as follows:

1. On March 16, 2023, the defendant filed a notice of an interlocutory appeal, ECF No. 78, regarding the Court's March 3, 2023 oral ruling, which denied the defendant's motions to dismiss at ECF Nos. 48 and 61.

2. On June 2, 2023, the Court of Appeals issued a per curiam order dismissing the defendant's interlocutory appeal. Document #2001922, USCA Case #23-3037. The order directed the Clerk to withhold issuance of the mandate therein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.

3. On June 30, 2023, the defendant filed with the Court of Appeals a petition for rehearing en banc. On September 11, 2023, that petition was denied.

4. On September 18, 2023, the defendant filed with the Court of Appeals a motion to stay the mandate pending the disposition of his forthcoming petition for a writ of certiorari, which

the government opposed. The defendant submitted his certiorari petition on October 30, 2023, and the petition was placed on the Supreme Court's docket on November 1, 2023, as No. 23-459.

5. On October 31, 2023, the parties appeared before the Court for a status conference. The Court set another status conference for January 9, 2024, and excluded time under the Speedy Trial Act as a result of the defendant's interlocutory appeal under 18 U.S.C. § 3161(h)(1)(C). Additionally, the Court ordered the parties to file a joint status report within three days of developments with the defendant's interlocutory appeal, and—should the defendant's interlocutory appeal be resolved in the interim—advise the Court on what basis they would propose further exclusion of time under the Speedy Trial Act until January 9, 2024.

6. On November 28, 2023, the Court of Appeals denied the defendant's motion to stay the mandate pending the disposition of his petition for a writ of certiorari. On December 6, 2023, the Court of Appeals issued its mandate. Document #2030283, USCA Case #23-3037.

7. The defendant's certiorari petition remains pending before the Supreme Court.

8. In light of the mandate, the parties jointly request that the Court continue to exclude the time until January 9, 2024, pursuant to 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), given the need for counsel to assess future proceedings in this case with the continued pendency of the defendant's certiorari petition and the Court of Appeals' mandate.

Respectfully submitted,

For the Defendant:

/s/ Marina Medvin
Marina Medvin, Esq.
*Counsel for the Defendant*
MEDVIN LAW PLC
916 Prince Street
Alexandria, Virginia 22314
Tel:  888.886.4127
Email: contact@medvinlaw.com

For the United States:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

/s/ Nathaniel K. Whitesel
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759