UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 21-CR-496 (TJK) |
| v. | : | |
| | : | |
| MARK S. IBRAHIM, | : | |
| | : | |
| Defendant. | : | |

### MOTION *IN LIMINE* TO PRECLUDE CERTAIN ARGUMENT AND EVIDENCE ABOUT THE DEFENDANT'S USE OF A FIREARM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, in accordance with the schedule set by the Court at the January 9, 2024 status hearing, hereby respectfully requests that the Court issue an order precluding the defendant from making any arguments, eliciting any evidence, or tendering any jury instruction suggesting or requiring that, in order to prove the felony aspect of Count One under 18 U.S.C. §1752(b)(1)(A), the government must present evidence of the defendant's use or employment of a firearm beyond simply carrying the firearm "during and in relation to the offense."

### BACKGROUND

The Indictment in this case charges the defendant with offenses related to his conduct at the U.S. Capitol on January 6, 2021. The government has described the factual background in prior briefing. *See, e.g.*, ECF Nos. 22, 54, 62. In short, on January 6, 2021, the defendant—an off-duty DEA agent—entered restricted U.S. Capitol grounds during the riot. While on Capitol grounds, the defendant had his DEA-issued firearm.

Count One of the Indictment charges the defendant with violating 18 U.S.C. § 1752(a)(1) and (b)(1)(A). Section 1752(a)(1), in relevant part, prohibits knowingly "enter[ing] or remain[ing] in any restricted building or grounds without lawful authority to do so[.]" Section 1752(b)(1)(A)

makes this count a felony if a "person, during and in relation to the offense, uses or carries a deadly or dangerous weapon or firearm[.]"

On August 18, 2022, the defendant filed his Motion to Dismiss Count One of the Indictment, ECF No. 47. In this motion, the defendant argued, *inter alia*, that the government was required to allege "factual specificity that explains the nature of the firearm or other type of deadly weapon, and the relation of this weapon or firearm, use or carry to the offense charged[.]" ECF No. 47 at 8. Despite conceding that he carried a firearm on restricted grounds while off-duty, *see* ECF Nos. 48 at 4, 61 at 2, the defendant suggested that certain questions would need to be answered under Count One: "What did the defendant do to be accused of using or carrying a weapon or firearm during and in relation to a violation of 18 U.S.C. 1752(a)(1)? What did he do with the weapon or firearm during and in relation to this alleged trespass? How does a weapon or firearm relate at all whatsoever to the alleged trespass?" ECF No. 47 at 8. The defendant further contended that the government would need to show "how or under what fact pattern the firearm was an operative factor in the alleged trespassing in a restricted area[.]" *Id.* at 9.

On October 27, 2022, the Court denied the defendant's motion to dismiss Count One, holding, in relevant part, "that the substance of the defendant's argument goes to sufficiency of the evidence, which is premature." Oct. 27, 2022 Tr. at 37.

At this stage of the case, the government and the defendant agree that an *in limine* ruling from the Court on this issue would, by shaping the scope of trial and potential defenses to the charge, facilitate their disposition negotiations.

## ARGUMENT

To prove the "during and in relation to," prong of Count One, *see* § 1752(b)(1)(A), the government need only show that the defendant knew he was using or carrying a firearm as he

2

entered or remained on restricted Capitol grounds. In other words, it need only be shown that the defendant's use and carrying of his service weapon was not an accident or coincidence. Accordingly, the defendant should be precluded from arguing, presenting evidence, or proposing an instruction suggesting or requiring a greater evidentiary burden on this element at trial.

It is sufficient for the fact-finder to broadly consider whether the defendant carried his firearm during and in relation to the underlying 18 U.S.C. § 1752(a)(1) offense. "During" simply connotes a temporal and physical connection: the defendant must be carrying the item while committing the underlying 1752(a) offense. And, as has been recognized for the more stringent requirements under 18 U.S.C. § 942(c),[1] "[t]he phrase 'in relation to' is expansive[.]" *Smith v. United States*, 508 U.S. 223, 237 (1993). In such cases, the government need only prove that the firearm's presence was not "the result of accident or coincidence." *Id.* Indeed, the "in relation to" element is met so long as the firearm has "some . . . effect with respect to the" underlying offense or has the potential to facilitate the offense. *United States v. Scott*, No. 23-11306, 2024 U.S. App. LEXIS 72, at *4 (11th Cir. Jan. 3, 2024); *see United States v. Venkata*, 596 F. Supp. 3d 58, 62 (D.D.C. 2022) ("'[T]he gun at least must facilitate, or have the potential of facilitating,' the predicate offense."); *see also United States v. Johnson*, 216 F.3d 1162, 1168 (D.C. Cir. 2000) ("The only way in which the [firearm] could have not been used or carried in relation to those drugs is if they were not in his clothing at the time he pointed the weapon at the officer, and if they somehow traveled down the air shaft and onto the bed separately from the defendant and his gun.").

---

[1] "[A]n individual may be convicted under 18 U.S.C. § 924(c) for use of a firearm 'in relation to any crime of violence or drug trafficking crime.'" *United States v. Johnson*, No. 98-71-1, 2023 U.S. Dist. LEXIS 111032, at *35 n.6 (D.D.C. June 27, 2023) (quoting § 924(c)) (emphasis removed). "[I]n the context of the section, one who avails himself of a gun by putting or keeping it in a particular place from which he can gain access to it if needed to facilitate a drug crime, uses the gun." *United States v. Johnson*, 46 F.3d 1166, 1170 (D.C. Cir. 1995) (citing *United States v. Bailey*, 36 F.3d 106, 114–115 (D.C. Cir. 1994).

Moreover, the D.C. Circuit has "noted that the 'ordinary meaning' of 'relating to' is a 'broad one[]' and that 'a statutory provision containing the phrase therefore has broad scope[.]'" *United States v. Slatten*, 865 F.3d 767, 780 (D.C. Cir. 2017). Accordingly, an expansive view of the language in § 1752(b)(1)(A) is also warranted. *See United States v. Mobley*, 618 F.3d 539, 549 (6th Cir. 2010) (referencing *Smith* in applying an expansive reading for the phrase "in relation to" as used in 18 U.S.C. § 1028A).

Simply deciding to carry a firearm into restricted Capitol grounds necessarily meets the broad language posed in § 1752(b)(1)(A). For one, the statute specifically contemplates that the individual carrying the firearm is already knowingly trespassing into a restricted area. *See* § 1752(a)(1). Carrying a firearm during a knowing, unauthorized entry inherently vests that firearm with "the potential of facilitating" the predicate offense because it provides the trespasser a tool in perpetuating the trespass. *See Venkata*, 596 F. Supp. 3d at 62. For example, a firearm has the potential to be used to threaten police enforcing the restricted area, to dissuade law enforcement from confronting the firearm's carrier over the unauthorized entry, or to assure fellow trespassers of their protection from law enforcement. And so long as the evidence shows the unauthorized entrant was aware of their possession of the firearm during the unauthorized entry, any risk of accidental or coincidental carrying is avoided. *See Smith*, 508 U.S. at 237; *cf. Dubin v. United States*, 143 S. Ct. 1557, 1566 (2023) ("Yet the kind of relationship required, its nature and strength, will be informed by context.").

A broad interpretation of the "during and in relation to" element in the § 1752(b)(1)(A) context is apparent from convictions in similar Capitol riot cases. Indeed, January 6 defendants have been appropriately convicted of violating §§ 1752(a)(1) and (b)(1)(A) where evidence demonstrates knowing unauthorized entry combined with knowing possession of a deadly or

dangerous weapon or firearm. For example, in *United States v. Hostetter*, No. 21-cr-392 (RCL), 2023 U.S. Dist. LEXIS 124989, at *24 (D.D.C. July 13, 2023), the government's evidence during a bench trial before Judge Lamberth showed that defendant Hostetter carried a hatchet in a backpack while entering and remaining in the restricted Capitol grounds. *Id.* at 22. On the morning of January 6, 2021, Hostetter showed another individual that his backpack contained a hatchet— an inherently dangerous weapon—then carried that backpack onto Capitol grounds during the riot. *Id.* at 22–23. Based on that evidence, Judge Lamberth found that "Hostetter was carrying an inherently dangerous weapon while within the restricted area." *Id.* at 23. Ultimately, this evidence was sufficient for Judge Lamberth to find Hostetter guilty of violating § 1752(a)(1) and (b)(1)(A) because the government proved Hostetter "knew the area was restricted, he knew he lacked lawful authority to be there, he knew he possessed an inherently dangerous weapon, yet he entered and remained anyway." *See id.* at 24. And, in finding Hostetter guilty of carrying a deadly or dangerous weapon on a related charge under §§ 1752(a)(2) and (b)(1)(A), the Court explained merely that "Hostetter took these actions while knowingly carrying an inherently dangerous weapon." *Id.* at 26.

In delivering his similar verdict in *United States v. Christie*, No. 23-cr-5, Judge Mehta explicitly analyzed how "the statutory language requires that Mr. Christie[, the defendant in that case,] used or carried [a] dangerous weapon during and in relation to the offense." Nov. 28, 2023 Tr. at 39. Looking to "the context of [ ] 924(c) offenses," Judge Mehta recognized the "expansive" nature of the "in relation to" phrase. *Id.* Looking to whether the weapon's "use or carrying facilitate[d] or ha[d] the potential to facilitate the offense[]" and ensuring the weapon's "presence [was not] merely coincidental or entirely unrelated to the crime," *id.*, Judge Mehta found that "Christie's wearing of [a] hammer exposed on his belt loop was neither coincidental, nor entirely

5

unrelated to his crimes, and clearly had the potential to facilitate the offenses." *Id.* Accordingly, Christie was found guilty of "carrying a dangerous weapon during and relation to the underlying offenses[.]" *Id.* at 40.

Judge Friedrich relied on similar considerations in denying a post-trial motion for judgment of acquittal in *United States v. Reffitt*, 602 F. Supp. 3d 85 (D.D.C. 2022). In that case, defendant Reffitt contested, *inter alia*, whether the evidence presented during his jury trial was sufficient to prove under §§ 1752(a)(1) and (b)(1)(A) that he "knowingly used or carried a firearm during and in relation to the offense." *Id.* at 92. Referencing testimony from witnesses, photographs from the Capitol of Reffitt wearing a holster, and Reffitt's own statement "that he had a gun at the Capitol[,]" Judge Friedrich upheld the jury's finding that Reffitt violated §§ 1752(a)(1) and (b)(1)(A). According to Judge Friedrich, it was sufficient for the evidence to show that Reffitt "knowingly carried a firearm while remaining in a restricted area." *Id.*[2]

Requiring the government only to show that the defendant knowingly carried a firearm while entering the restricted Capitol grounds comports with the legal and jury instructions routinely adopted in cases that include a charge under §§ 1752(a)(1) and (b)(1)(A). Such instructions require the evidence only to show that a deadly or dangerous weapon or firearm was broadly carried during and relation to the offense, *i.e.*, the unauthorized entry into the restricted Capitol grounds. For example, in *United States v. Jensen*, this Court issued the following final jury instruction:

---

[2] The type of evidence needed to satisfy § 1752(b)(1)(A) in *Reffitt* contrasts sharply with the type of evidence that was sufficient for the jury to find Reffitt guilty of transporting a firearm under 18 U.S.C. § 231(a)(2), where Judge Friedrich referenced evidence demonstrating that Reffitt "knew or intended to use his guns unlawfully to further the Capitol riot." *Reffitt*, 602 F. Supp. 3d at 92.

6

> In order to find the defendant guilty of entering or remaining in a restricted building or grounds while carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:
>
> First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so.
>
> Second, that the defendant did so knowingly.
>
> Third, that the defendant carried a deadly or dangerous weapon during and in relation to the offense.

Final Jury Instructions (ECF No. 97) at 34, *United States v. Jensen*, No. 21-cr-006 (TJK). This instruction, in relevant part, comports substantially—if not identically—with other instructions given on this charge. *See, e.g.*, Final Jury Instructions (ECF No. 67) at 13, *United States v. Easterday*, No. 22-cr-404 (JEB); Final Jury Instructions (ECF No. 158) at 16, *United States v. Barnett*, No. 21-cr-38 (CRC); Final Jury Instructions (ECF No. 86) at 19, *United States v. Robertson*, No. 21-cr-34 (CRC). In this case, identically phrasing the third element as requiring a finding only that the defendant carried a firearm during and in relation to the offense comports with the instructions given in other cases and reflects the broad application of the "in relation" language—especially in the context of unauthorized entry.

## **CONCLUSION**

For the reasons set forth herein, the government respectfully requests that this Court preclude the defendant making any arguments, eliciting any evidence, or tendering any jury instruction suggesting or requiring that, in order to prove the felony aspect of Count One under 18 U.S.C. §1752(b)(1)(A), the government must prove that the defendant used or employed a firearm beyond simply carrying the firearm "during and in relation to the offense."

7

Respectfully submitted,

For the United States:

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

By: */s/ Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759