UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-496 (TJK) |
| v. : | |
| : | |
| MARK S. IBRAHIM, : | |
| : | |
| Defendant. : | |

REPLY IN SUPPORT OF THE UNITED STATES' MOTION *IN LIMINE*
TO PRECLUDE CERTAIN ARGUMENT AND EVIDENCE
ABOUT THE DEFENDANT'S USE OF A FIREARM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this reply in support of its motion *in limine*, ECF No. 93, and in response to the defendant's opposition, ECF No. 96. For the reasons explained below, in the government's original motion, and in the government's opposition to the defendant's own motion *in limine*, ECF No. 95, the Court should reject the defendant's interpretations and grant the government's motion *in limine*.

**I.      The Government's Motion *in Limine* Is Appropriately Brought.**

The defendant first addresses the government's motion by accusing the government of attempting to infringe the defendant's constitutional rights. *See* ECF No. 96 at 1–3. Indeed, the defendant contends that filing a straightforward motion *in limine* is somehow "multidimensionally unconstitutional (let alone unethical)." *Id.* at 3. That assertion is ludicrous. Moving to preclude improper evidence and argument appropriately raises an issue for the Court to consider prior to trial. The government's motion does not seek to prevent the defendant from making an argument at all in these proceedings, but to preclude the defendant from making improper or misleading arguments about the trial's evidence to the fact-finder.

"Consistent with the historical origins of the practice, motions *in limine* are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10 (D.D.C. 2011) (internal quotation omitted). Such interruptions can include improper defense arguments, and "the [C]ourt is empowered to "regulat[e] the scope of argument[.]" *See United States v. Sawyer*, 443 F.2d 712, 713 (D.C. Cir. 1971). In so regulating, "the [C]ourt should be guided by criteria that are related to the function of argument, *i.e.*, to help the jury remember and interpret the evidence." *Id.*

While the defendant may "express[ ] the view that precluding *ex ante* any categories of argument and testimony is not appropriate[,] . . . a motion *in limine* by its nature does exactly that—rule in advance as to whether certain evidence may be introduced or argument made[.]" *United States v. Oliveras*, No. 21-cr-738 (BAH), 2023 U.S. Dist. LEXIS 7805, at *3 (D.D.C. Jan. 17, 2023). Indeed, courts in this district regularly consider—and frequently grant—government motions *in limine* to preclude Capitol Riot defendants from presenting certain types of evidence or argument at trial. *See, e.g.*, *id.* at *2; *United States v. Baez*, No. 21-cr-507 (PLF), 2023 U.S. Dist. LEXIS 176592, at *22 (D.D.C. Sep. 29, 2023) ("Juries are routinely instructed that the trial judge is responsible for ruling on questions of law and instructing jurors on the law as it applies in this case." (internal quotation marks and alterations omitted)); *United States v. Navarro*, 651 F. Supp. 3d 212, 242 (D.D.C. 2023) ("The court agrees that these arguments are not relevant to any element of the charged offenses or any valid defense, and thus will not be permitted at trial."). The government's motion *in limine* in this case is no different.

**II.  Carrying a Weapon As Charged in Count One Does Not Require Proof That the Firearm Was An "Operative Factor."**

The defendant principally argues, as he did in his own motion *in limine*, ECF No. 94, that the government must prove that the firearm the defendant carried "was an operative factor in the

offense of entering or remaining in a restricted area[,]" "was used in such a way that it facilitated or had the potential of facilitating the entry into or remaining in the restricted area[,]" and "had some purpose or effect with respect to entry and remaining in the restricted area." ECF No. 96 at 8. But none of the many judges in this district to evaluate Section 1752(b)(1)(A) enhanced charges have ever required as much—and for good reason.

The defendant continues to rely on references to *Bailey v. United States*, 516 U.S. 137, 143 (1995), but that reliance remains unavailing—as the government already explained in its opposition to the defendant's motion *in limine*. *See* ECF No. 95 at 34. In short, the defendant's citations to that case concern only the "use" prong of 18 U.S.C. § 924(c)(1)—not the "carry" prong of § 924(c)(1), let alone that for the similarly disjunctive and inherently broader Section 1752(b)(1)(A). Showing active employment is not required where a carrying has occurred because it suffices to show "proof of dominion and control and ready accessibility[.]" *United States v. Joseph*, 169 F.3d 9, 14 (D.C. Cir. 1999).

The defendant has no response to the government's reference to Judge's Mehta's on-point analysis in the verdict for *United States v. Christie*, No. 23-cr-5. As the government explained in its motion, ECF No. 93, Judge Mehta recognized the "expansive" nature of the language in Section 1752(b)(1)(A). In finding the defendant in that case guilty, Judge Mehta looked only to whether the dangerous weapon's possession was "coincidental []or entirely unrelated to [the defendant's] crimes" and whether it "had the potential to facilitate the offenses." Nov. 28, 2023 Tr. at 39. Such concerns are encompassed by the plain meaning of the "in relation to" phrasing,[1] and no further instruction is required.

---

[1] For this same reason, the defendant's contention that the government's interpretation renders the "in relation to" language superfluous is wrong. That language plainly focuses the relevant criminal

                                              Respectfully submitted,

                                              For the United States:

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar Number 481052

By:    */s/ Nathaniel K. Whitesel*
                   NATHANIEL K. WHITESEL
                   Assistant United States Attorney
                   DC Bar No. 1601102
                   601 D Street NW
                   Washington, DC 20530
                   nathaniel.whitesel@usdoj.gov
                   (202) 252-7759

---

conduct to a use or carrying that has a potential to facilitate the underlying trespass and is neither accidental nor coincidental.