UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No: 1:21-cr-496 |
| ) | |
| MARK S. IBRAHIM, ) | Trial: January 23, 2025 |
| ) | |
| Defendant. ) | |

### Defendant's Motion to Continue

Defendant hereby moves to continue the Stipulated Trial currently scheduled for January 23, 2025 to February 28, 2025, and in support thereof states as follows:

A. This case is currently scheduled for a Stipulated Trial on January 23, 2025 with materials due on January 9, 2025.

B. Based on recent developments, Mr. Ibrahim is seeking to briefly continue the Stipulated Trial and the materials due-date to sometime in February of 2025, suggesting the date of February 28, 2025.

C. "I'm going to be acting very quickly. First day," President-elect Trump stated of his intention to issue pardons to January 6 defendants in an interview with NBC News on December 8, 2024.[1] Prior to this interview, President-elect Trump made a plethora of pre-election statements in support of pardons for January 6 defendants.

---

[1] Ryan J. Reilly, *Trump will 'most likely' pardon Capitol rioters on Day 1 and says Jan. 6 committee members should be jailed*, NBC News (Dec. 8, 2024), https://www.nbcnews.com/politics/donald-trump/trump-will-likely-pardon-capitol-rioters-day-1-says-jan-6-committee-me-rcna183275.

D. Mr. Ibrahim, who never entered the Capitol Building, and who is charged for being nonviolently present on the outdoor *Grounds* around the Capitol Building, is expecting to be relieved of the criminal prosecution that he is currently facing as soon as the new administration takes office on January 20, 2025 — just four days before his scheduled Stipulated Trial, but after the trial materials are due for submission.

E. As a summary of why the defense believes that Mr. Ibrahim's case will receive clemency action, the Defense submits as follows: the Defense has previously revealed to the Court that Mr. Ibrahim, who was employed as a federal law enforcement officer on January 6, 2021, was selected for prosecution based on his off-duty political beliefs. *See* ECF No. 44, 45, and 41. Mr. Ibrahim possessed a firearm on his person on January 6 because Mr. Ibrahim was acting in compliance with the DEA Agent's Manual, and per his training. *See* ECF No. 61. The DEA Agents Manual, § 6122.11(B), requires agents to maintain access to firearms while off duty, stating that DEA agents are "required to be available for duty with little or no advance notice" and "must have ready access to their firearm in the event that they are recalled to duty." Mr. Ibrahim was prosecuted for possession of his firearm on the outdoor Grounds around the Capitol while other off-duty federal law enforcement officers who also admitted to being similarly armed, were not prosecuted. *See* ECF No. 44.

F. The current schedule for the Ibrahim case is an uneconomic use of the parties' and the Court's time, considering the statements made regarding pardons and clemency by the President-elect.

G. On November 14, 2024, in *United States v. Hunt, at. al.*, 1:24-cr-00154-CJN, Judge Nichols considered the issue of scheduling a trial under the circumstances of a potential pardon, before President-elect Trump made post-election statements reaffirming his commitment to pardoning January 6 defendants. "Can the government guarantee if I set this case for trial after January 20th that we will be trying a case," Judge Nichols asked the Government. The Government responded that there is "uncertainty" as to the situation and it could give no such guarantee. Judge Nichols scheduled a Spring trial date based on his calendar and also in consideration of the potential intervention from the new administration, "to obviate the need for potentially wasteful motions." Accordingly, Judge Nichols made pretrial motions due, "almost four weeks after the inauguration," to provide "some buffer between [the motions due dates] and the inauguration."[2]

H. Based on the reasoning provided herein, Mr. Ibrahim believes that a continuance to a date after the new administration takes office, with time to considers pardons and clemency for January 6 cases, serves at the ends of justice and the interests of all parties.

I. Mr. Ibrahim fully understands his Speedy Trial Act rights and knowingly and voluntarily agrees to toll the speedy trial clock during the period of the continuance, through February 28, 2025. The tolling is in the interest of justice, the defendant, and the public.

WHEREFORE, the defendant asks this Court to continue the Stipulated Trial to February 28, 2025.

---

[2] Undersigned counsel can submit a transcript of the proceedings in *United States v. Hunt, et. al.* to chambers upon request.

Respectfully submitted,

By Counsel:

/s/
Marina Medvin, Esq.
*Counsel for Defendant*
MEDVIN LAW PLC
277 S Washington St | Ste 210
Alexandria, Virginia 22314
Phone: (703) 870-3300
Email: contact@medvinlaw.com

**CERTIFICATE OF SERVICE FOR CM/ECF**

    I hereby certify that on December 8, 2024, I will electronically file the foregoing with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.

/s/
Marina Medvin, Esq.