**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-CR-496 (TJK)** |
| **v.** | : | |
| | : | |
| **MARK S. IBRAHIM,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO THE**
**DEFENDANT'S MOTION TO CONTINUE**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully opposes the Defendant's Motion to Continue, ECF No. 110.

The defendant's motion is based on speculation that he may benefit from future governmental

changes or the possibility of clemency. His assumption is mere conjecture, and the Court should

deny his motion.

There is a public interest in the prompt and efficient administration of justice. The

government and the Court have endeavored to vindicate that interest. A continuance is not

warranted here, and the Court should proceed as it would in any other prosecution. *See, e.g.*, *United

States v. Connell*, No. 21-cr-84 (PLF), ECF No. 157 (denying motion to continue sentencing based

on claim of potential clemency); *United States v. Heffner*, No. 24-cr-260 (APM), Nov. 11, 2024

Minute Order (denying motion to stay proceedings based on claim of potential clemency); *United

States v. Avery*, 24-CR-79 (CRC), Nov. 6, 2024 Min. Order (denying continuance of sentencing

hearing based on claim of potential clemency); *United States v. Fuller*, No. 23-CR-209 (CKK),

Nov. 6, 2024 Min. Entry (denying motion to continue sentencing hearing based on claim of

potential clemency); *United States v. Carnell, et al.*, No. 23-CR-139 (BAH), Nov. 6, 2024 Min.

Order (denying motion to continue status conference based on claim of potential clemency);

*United States v. Lichnowski*, 23-CR-341 (RBW), Nov. 7, 2024 Min. Order (denying motion to continue sentencing hearing based on claim of potential clemency); *United States v. Baker*, 24-CR-121 (CRC), Nov. 11, 2024 Min. Order (denying motion to continue all dates based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency); *United States v. Hefner*, 24-cr-260 (APM), Nov. 11, 2024 Min. Order (denying motion to stay proceedings based on claim of potential clemency and stating "Defendant's speculation that he may receive a pardon is not good cause to stay this matter"); *United States v. Johnsons*, 24-CR-141 (JDB), Nov. 13, 2024 Min. Order (denying motion to continue all dates, including trial, based on potential clemency); *United States v. Lee*, 21-CR303 (ABJ), Nov. 15, 2024 Min. Order (denying motion to continue sentencing based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, stating that "[t]he Court is not inclined to postpone the conclusion of this matter based on events that may or may not transpire with respect to some or all of the January 6 defendants at some unspecified date in the future"); *United States v. Baez*, 21-CR-507 (PLF), ECF No. 121 (denying motion to continue trial based in part on claims of financial hardship in traveling to Washington, D.C. and potential clemency, and stating that "[w]hatever the President-elect may or may not do with respect to some of those charged for their conduct at the Capitol on January 6, 2024, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution"); *United States v. Winegeart*, 22-CR-301 (CJN), November 18, 2024, Min. Order (considering and denying Defendant's Motion to Continue). The Court ought not delay the administration of justice based on the defendant's hopes and wishes.

This Court should reject possible clemency a basis to halt ongoing criminal proceedings. As Judge Lamberth held in *United States v. Philip Grillo*, 21-CR-690 (RCL), "[f]ederal district courts operate under the constitutional command to wield the judicial power of the United States.

They do not shirk from this role or indefinitely delay proceedings because of the lurking possibility of a presidential pardon after the conclusion of judicial proceedings." *Id.* at 2 (quotations and citations omitted.) And "[w]hile preservation of judicial resources is an important goal for [the courts], it is not the only or even the ultimate goal of our courts." *Id.* at 3. Judge Walton similarly explained in denying a similar motion in *Lichnowski* that "[t]he potential future exercise of the discretionary pardon power . . . is irrelevant to the Court's obligation to carry out the legal responsibilities of the Judicial Branch." No. 23-cr-341 (RBW), ECF No. 73 at 1; *see also Connell*, No. 21-cr-84, ECF No. 157 ("Whatever the President-elect may or may not do with respect to some of those convicted for their conduct at the Capitol on January 6, 2021, is irrelevant to the Court's independent obligations and legal responsibilities under Article III of the Constitution.").

The defendant's reference to Judge Nichols' decision to continue the trial in *United States v. Hunt*, No. 24-cr-154 (CJN), is unavailing. The three co-defendant *Hunt* case involved a decision to set the trial date for the first time—not a continuance. Indeed, Judge Nichols specifically noted that the trial date was selected because it was the first available date on the court's calendar. Of note, during a hearing on a motion to continue filed in *United States v. Lang*, 21-cr-53(CJN), Judge Nichols took time to clarify the misconceptions surrounding motions citing the *Hunt* case, reiterating that there was no continuance, and that the selected date was based on his calendar availability, not a potential pardon.

For the foregoing reasons, the Court should deny the defendant's motion to continue.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

3

By:    /s/ *Nathaniel K. Whitesel*
NATHANIEL K. WHITESEL
Assistant United States Attorney
DC Bar No. 1601102
601 D Street NW
Washington, DC 20530
nathaniel.whitesel@usdoj.gov
(202) 252-7759